## Lerner, Appellant, *v.* City of Philadelphia.

*Negligence—Municipalities—Streets—Defect in street—Duty of pedestrian—Contributory negligence—Nonsuit.*

When one abandons the use of his natural senses for the time being and chooses to walk over a pavement in a public street by faith exclusively, and is injured because of some defect in the pavement, he has only himself to blame.

When an accident occurs in broad daylight in consequence of an open and exposed defect in a sidewalk, the burden rests upon the party complaining to show conditions outside of himself which prevents him seeing the defect or which would excuse his failure to observe it.

One is not required in walking along a traveled highway, to keep his eyes fastened upon the ground continually to discover points of possible danger; nor is it necessary that he should in order to avoid exposed pitfalls lying directly in the path before him; but the law does require that he be observant of where and how he is going so as to avoid dangers which ordinary prudence would disclose.

A woman, who in broad daylight, falls in a depression in a sidewalk caused by the displacement of some bricks, cannot recover from the city for her injuries, where there was nothing to prevent her from seeing the depression, except passing people, and where neither she nor her witnesses testify that the crowd was so great as to prevent her from seeing the defect.

Argued March 30, 1908.    Appeal, No. 104, Jan. T., 1908, by plaintiffs, from order of C. P. No. 1, Phila. Co., June T., 1902, No. 2,885, refusing to take off nonsuit in case of Max Lerner and Sarah Lerner, his wife, *v.* City of Philadelphia.    Before MITCHELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries.    Before KINSEY, J.

The facts are stated in the opinion of the Supreme Court.

. The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Eugene Raymond,* for appellants.—The case was for the jury: Becker v. Philadelphia, 212 Pa. 379 ; McHugh v. Kerr,.208 Pa. 225 ; Glading v. Philadelphia, 202 Pa. 324 ; Fitzpatrick v. Riley, 163 Pa. 65.

*Harry T. Kingston,* assistant city solicitor, with him *J. Howard Gendell,* city solicitor, for appellee.—The present case appears to be ruled by : Robb v. Connellsville Boro., 137 Pa. 42 ; Stackhouse v. Vendig, 166 Pa. 582 ; Sickels v. Phila., 209 Pa. 113 ; Easton v. Phila., 26 Pa. Superior Ct. 517.

OPINION BY MR. JUSTICE STEWART, May 11, 1908 :

We have gone very far in holding municipalities liable for injuries received in consequence of defective pavements, but never yet so far as to excuse the pedestrian using the pavements from the duty of exercising ordinary care.   When one abandons the use of his natural senses for the time being, and chooses to walk over a pavement by faith exclusively, and is injured because of some defect in the pavement, he has only himself to blame.   It is, of course, the duty of municipalities to see that the pavements along its streets are reasonably safe for public use, but they are not insurers of the safety of those using them.   It is impracticable, if not impossible, to maintain these pavements in such condition as to make them entirely free at all times from possibility of accident to those using them.   Irregularities in grade, unevenness in surface, sharp depressions at crossings, accidental displacement of brick or stone, and many other things which may or may not be defects, but yet sufficient in themselves to cause accident to the unwary, are so common and usual that it is the duty of the pedestrian to be observant of such fact, and not to walk blindly.   If through no fault of his he is prevented from seeing the defect, obstruction or whatever it may be, which it was the duty of the municipality to have corrected, and injury results to him, he is entitled to claim compensation.   When the accident oc-

curs in broad daylight, in consequence of an open and exposed defect in the sidewalk, the burden rests upon the party complaining to show conditions outside of himself which prevented him seeing the defect, or which would excuse his failure to observe it. If such conditions exist, there is excuse for walking by faith. When they do not exist, the law charges the party with failure to do what was required of him. And that is this case. The accident occurred at half past four o'clock in the afternoon of an April day. The defect in the pavement was the displacement of some bricks. Into the depression caused by this displacement plaintiff stepped, with the result that she fell and injured herself. In bringing her action she assumed the burden of exhibiting a case clear of contributory negligence. Having testified that she stepped into the depression without having observed it, and having shown conditions which should have been sufficient, nothing intervening, to secure one exercising ordinary care from such accident, she would be entitled to recover only as she explained in a way consistent with ordinary care on her part, how and why she failed to see what was directly before her. Failing in this, it could not be said that her injury resulted exclusively from the defendant's negligence. It was insisted upon by counsel representing her that she was prevented from seeing the depression into which she stepped, by the crowded condition of the pavement at the time. No other explanation is attempted. Unfortunately for the plaintiff this explanation advanced by counsel is without support in the evidence. Neither plaintiff herself, nor any witness called by her, testifies to such crowded condition. Plaintiff's testimony in chief is most meager on this point. All she says is that at the point where the accident occurred the open way was narrow, sufficient only for two or three people to pass. To the question, "Were there many people there at the time?" she replied: "Yes, sir, quite a number there." On cross-examination she was asked, "Was there anybody immediately in front of you?" To this she replied: "Yes, sir, there were people. We looked forward as much as we could, walking between the people." The next question was: "Were there people back of you?" Her answer was, "Yes, sir, walking back of us and front of us." Twice in the course of the cross-examination—not once in her examina-

tion in chief—she was given the opportunity by direct questioning to say that the crowded condition of the sidewalk prevented her from seeing the defect, and each time the question was avoided by the reply that she did not see it. The testimony of her sister who was with the plaintiff when she fell, and the only witness called to testify to the circumstances, is still more meager. Here is the whole of it: "Q. It was on Saturday afternoon, was it not? A. Yes, sir. Q. Was the neighborhood generally crowded at that time, and on that pavement? A. Usually on Saturday afternoons. Q. This Saturday afternoon? A. Yes, sir, there was several. Q. Which way were they going, and how were they going? A. Passing up and down." Upon such testimony as this how could a jury find that plaintiff was prevented by the crowded condition of the street from seeing what was directly in her path? The plaintiff herself declined to say that she was so prevented, and her only witness testifies to a state of facts wholly inconsistent with the explanation advanced by the counsel. We are not undervaluing the testimony in the slightest when we say that it gives no support to the explanation advanced. Nor are we holding the plaintiff to a higher degree of care and circumspection than the law in all such cases requires. One is not required in walking along a traveled highway, to keep his eyes fastened upon the ground continually to discover points of possible danger; nor is it necessary that he should in order to avoid exposed pitfalls lying directly in the path before him; but the law does require that he be observant of where and how he is going so as to avoid dangers which ordinary prudence would disclose. The law governing cases of this character is so fully discussed, and so clearly and explicitly declared, in the opinion of Mr. Justice MITCHELL in Robb v. Connellsville Boro., 137 Pa. 42, that reference to other authority is unnecessary. So far as appears from the evidence offered on behalf of the plaintiff, her accident was due to her own want of care. It admits of no other conclusion.

The nonsuit was properly entered and the judgment is affirmed.