## Sutton, Appellant, *v.* Philadelphia.

*Negligence—Municipalities—Defect in street—Contributory negligence.*

A woman cannot recover damages for injuries sustained from falling into a hole in the cartway of a street at a crossing, where it appears that the hole was about sixteen inches long, ten inches wide, and twelve inches deep, that the woman knew of its existence, that her view was not obstructed by pedestrians, or otherwise, that after the accident she saw it from a point sixteen feet away, that the accident happened in broad daylight, and that although there was snow, there was no obstruction of the view of the hole.

Argued Oct. 18, 1917.    Appeal, No. 202, Oct. T., 1917, by plaintiff, from judgment of C. P. No. 3, Philadelphia Co., June T., 1915, No. 316, for defendant non obstante veredicto in case of Mai E. Sutton v. City of Philadelphia.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

Trespass to recover damages for personal injuries. Before DAVIS, J.

At the trial it appeared that plaintiff was injured on February 13, 1915, by falling into a hole in the cartway of Sansom street at its intersection of Eighteenth street in the City of Philadelphia. The circumstances of the accident are stated in the opinion of the Superior Court. The jury returned a verdict for plaintiff for $1,500. Subsequently the court in an opinion by DAVIS, J., entered judgment for defendant n. o. v.

*Error assigned* was in entering judgment for defendant n. o. v.

*Frank P. Prichard,* with him *Samuel Rosenbaum,* for appellant.

*Wm. C. Wilson,* Assistant City Solicitor, with him *John P. Connelly,* City Solicitor, for appellee.

OPINION BY HENDERSON, J., March 2, 1918:

The duty of care on the part of persons using the sidewalks and street crossings of a municipality has been frequently announced and was restated in a comparatively recent case by Justice STEWART in clear and concise form: "When the accident occurs in broad daylight in consequence of an open and exposed defect in the sidewalk the burden rests on the party complaining to show conditions outside of himself which prevented him seeing the defect or which would excuse his failure to observe it. If such condition exists, there is excuse for walking by faith. When they do not exist, the law charges the party with failure to do what was required of him": Lerner v. Philadelphia, 221 Pa. 294. The case presented on this appeal presents no circumstances which distinguish it from that cited. The appellant was proceeding northward on the east side of Eighteenth street and at the intersection of that street with Sansom street stepped into a hole between the street car rails laid on Sansom street as a result of which she was in-

jured, according to her narrative of the occurrence.    The time was about three o'clock in the afternoon of February third.    The crossing was not occupied by pedestrians and the path was unobstructed.    The plaintiff was carrying an umbrella at the time but it does not appear that she was otherwise encumbered.    The hole into which she stepped she described as being from sixteen to eighteen inches long, about ten inches wide and as deep as the street car rail which was shown to be about twelve inches.    There had been a light fall of snow which was shown to have been at a later time in the afternoon about two and one-half inches deep.    There was nothing to prevent the plaintiff from seeing the hole if she had given attention to the condition of the crossing and it appears from her own testimony that a little later in the afternoon she saw the place where it was from the window of a physician's office, about sixteen feet away. Having testified that she stepped into the hole in broad daylight without observing it the burden rested on her to explain in a way consistent with ordinary care on her part why she did not see what was open to observation. This burden was not discharged.    It is alleged by the learned counsel on her behalf that the snow would account for her failure to see but she makes no such excuse herself and the evidence which she gave as to the condition of the hole as she saw it later in the afternoon negatives the assumption that it was not observable to one walking along the crossing.    The plaintiff was the only witness who testified in support of the action as to the occurrence of the accident and her testimony is destitute of any explanation of her failure to observe the defect in the walk.    There was nothing, therefore, to support the theory on which that part of the argument rests.    She knew of the existence of the defect in the walk as appears from the testimony of the witness whom she called and approaching the street crossing as she did she was bound to apprehend that the continuity of the pavement would be broken and that care was necessary to avoid

danger.    This care does not appear to have been exercised and it was the duty of the learned trial judge to enter the judgment appealed from.    The conclusion reached by him is supported by many authorities and no case has been brought to our attention where a verdict was sustained in an accident to a pedestrian occurring in daylight where there were not circumstances accounting for the failure of the plaintiff to observe the defect in the walk.    We must disregard many cases to sustain the appeal.

The judgment is affirmed.