# Buchanan *v.* Grove City Borough, Appellant.

*Negligence—Municipalities—Paving—Pavement—Projection of Pipe along—Ability to avoid—Contributory negligence.*

In an action for damages for personal injuries, the evidence established that the plaintiff had stepped on a pipe line, laid between the paved portion of the sidewalk and the street curbing. It also appeared that the plaintiff had crossed the street at a point other than a regular crossing; that the pipe was laid between the curb and the pavement, and that for some distance it projected above the ground. The plaintiff while stepping on the pipe slipped and fell, with the resultant injuries.

*Held:* that she was guilty of contributory negligence and there could be no recovery.

If plaintiff chose to test the stability of the pipe which she alleged was not adequately supported, she did so at her own risk. She had unquestioned opportunity to see the situation and elected to knowingly walk in a place which she declared the city was negligent in maintaining, and her injury therefore, resulted from her mistake.

A pedestrian may pass over streets at whatever place he chooses and is not limited to established crossings, but in so doing he must exercise ordinary care under the circumstances. If a better way than that adopted is immediately available, it is his duty to use the safer way and if the negligence complained of is apparent to him, it is his duty to avoid it, if that can be reasonably done.

Submitted April 13, 1925. Appeal No. 57, April T., 1925, by defendant, from judgment of C. P. Mercer County, June T., 1922, No. 56, in the case of Lillian H. Buchanan v. Grove City Borough. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Trespass to recover damages for personal injuries. Before McLAUGHRY, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $230.00 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was refusal of de-
fendant's motion for judgment non obstante veredicto.

*H. K. Daugherty,* and with him *W. W. Moore* and
*Joseph W. Nelson,* for appellant.

*J. R. W. Baker,* and with him *Stranahan & Sampson,*
for appellee.

OPINION BY HENDERSON, J., July 9, 1925:

The plaintiff recovered the judgment appealed from
because of an injury received by Mrs. Lillian H. Bu-
chanan resulting from a fall on the sidewalk on Broad
Street. The accident occurred about half past four
o'clock on an afternoon in May. Mrs. Buchanan
crossed Broad Street to the west side in a direction
substantially at right angles with the pavement on
that side of the street. There was not a crossing where
she went over the street, but the locality was used as
a short cut by some of the pedestrians passing between
the west side of Broad Street and Lincoln Avenue on
the opposite side of the street. The curb at the west
side is about six inches above the surface of the cart-
way and between the curb and the paved footway is a
space four or five feet wide along which were shade
trees. For many years there has been a three-inch
natural gas pipe along this space which is nearly par-
allel with the pavement. For a distance of twelve feet
or more at the west side of two trees growing there, the
pipe lay on the surface of the ground and partly in the
ground. The trees last referred to are about fifteen
feet apart. Between them, for a space of about two
feet or less, the water flowing during rains had washed
the earth from under the pipe, but to a slight extent.
The pipe was about four inches from the paved foot-
walk and nearly on a level therewith. North of the

two trees mentioned and south of them, the pipe is in the ground and the space between the pavement and the curb is practically level; just north of the north-ward tree is a flag stone between the curb and the side-walk over which pedestrians passed who crossed Broad Street. Mrs. Buchanan's account of the accident was that having crossed the street and stepped from the cartway onto the surface west of the curb, she pro-ceeded toward the walk, and in doing so stepped on the gas pipe which yielded to some extent under her weight causing her to slip, whereupon the toe of her shoe caught under the paving stone immediately in front of her as a result of which she fell on the side-walk. The locality involved was plainly shown in pho-tographs admitted to be correct representations of the place where the accident occurred and the immediate vicinity. The negligence charged is that the gas pipe was permitted to be loose or unsupported at the place where Mrs. Buchanan stepped on it. The question for our consideration is whether she is chargeable with contributory negligence on the facts recited. A pedes-trian may pass over streets at whatever place he chooses and is not limited to established crossings, but in so doing he must exercise ordinary care under the circumstances. If a better way than that adopted is immediately available, it is his duty to use the safer way and if the negligent condition complained of is ap-parent to him, it is his duty to avoid it if that can be reasonably done. The evidence shows that the plaintiff was familiar with the locality; that she had passed that way before; that she knew of the presence of the pipe, and that it was not supported by earth for a part of the distance between the trees. She also saw, or should have seen, that it was entirely practicable to step across the pipe. It was not a part of the footway and was not placed there to be walked on. There is no evidence of the presence of any object which interfered with her as she approached the pavement. The day

was bright; her footing was not insecure before stepping on the pipe and she admits that she could so have regulated her movements that she could have stepped to the sidewalk without putting her foot on the pipe. She had the same opportunity to see the alleged defect in the highway which the municipal authorities had, and the law requires that she be observant of where and how she was going so as to avoid dangers which ordinary prudence would suggest. When consideration is given to the small diameter of the gas pipe and its observed situation and the undisputed opportunity to have stepped from the firm ground between the pipe and the curb onto the pavement, we are unable to avoid the conclusion that the plaintiff's injury was not wholly attributable to the alleged negligence of the defendant. It is not sufficient that the latter be shown to be negligent. The plaintiff's case must be free from her own negligence. If she chose to test the stability of the pipe which she alleged was not adequately supported, she did so at her own risk. She had unquestioned opportunity to see the situation and elected to knowingly walk in a place which she declares the city was negligent in maintaining, and her injury therefore resulted from her mistake. By going a few feet to the right or left as she approached the sidewalk, she could have avoided the pipe wholly; she could have stepped over it without the slightest difficulty, so far as the evidence disclosed, and it must have been apparent to her as it is to us that it was not a stepping stone for approach to the sidewalk. The plaintiff's case is not more meritorious than that disclosed in Lerner v. City of Philadelphia, 221 Pa. 294, where a nonsuit was sustained. Misfortune alone will not support an action for negligence and while we may sympathize with the plaintiff in her unfortunate experience, we are required to apply the established rule that an action cannot be maintained unless the injury was caused by the negligence of the defendant alone.

The judgment is reversed and is now entered for the defendant.

---

OPINION BY HENDERSON, J.:

The plaintiff's action grew out of the same accident for which his wife, Mrs. Lillian H. Buchanan, sought to recover damages in an appeal filed in No. 57, April Term, 1925, in which an opinion was this day filed. In that case we held that the contributory negligence of the plaintiff prevented a recovery; the consequence of which decision is that her husband cannot recover on the same state of facts.

The judgment is therefore reversed and is now entered for the defendant.