Leson et vir *v.* Pittsburgh, Appellant, et al.

208

.Argued October 1, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*H. Stewart Dunn*, Assistant City Solicitor, with him *Anne X. Alpern*, City Solicitor, for appellant.

*Charles G. Notari*, with him *Lee P. Heid*, for appellees.

OPINION BY MR. JUSTICE JONES, November 26, 1945:

The plaintiffs, husband and wife, sued the City of Pittsburgh for damages for injuries to the wife due to the alleged negligence of the City in failing to maintain a sidewalk in a safe condition. The City brought in, as an additional defendant, the abutting property owner. The jury returned a verdict for each of the respective plaintiffs against the City, with liability over against the additional defendant, for substantial sums. Both defendants filed motions for a new trial and for judgment n. o. v., asserting that the wife plaintiff was guilty of contributory negligence as a matter of law. The learned court below denied the motions. From the judgments entered on the verdict the City appeals, stressing particularly, as error, the lower court's refusal of its motion for judgment n. o. v.

Incidentally, the trial here involved was the third. The first resulted in a verdict for the defendant City,

a new trial later being granted on the ground that the trial court had failed to charge the jury properly. The second trial was discontinued by the withdrawal of a juror after the husband plaintiff admitted to having spoken to one of the jurors during a recess.

The matter for our first consideration is whether the wife plaintiff was contributorily negligent as a matter of law whereby both she and her husband were barred from any right of recovery. The jury's verdict being in the plaintiffs' favor, the question of the wife's contributory negligence is necessarily to be determined on the basis of the evidence and every reasonable inference to be deduced therefrom which is most favorable to the plaintiffs: *Delair v. McAdoo*, 324 Pa. 392, 396, 188 A. 181.

Mrs. Leson, the wife plaintiff, carrying her two-year old baby, was walking on the sidewalk along Woodland Avenue on the North Side in the City of Pittsburgh about two o'clock on the afternoon of April 11, 1940, a bright, sunny day. As she was walking past the premises of the additional defendant at No. 1517 Woodland Avenue and while she was proceeding "very carefully", as she testified, because of the "pretty bad condition" of the sidewalk, she stepped on a newspaper lying on the sidewalk and fell, suffering the injuries, for which this suit was brought, the nature and extent of which are not presently pertinent. The cause of her fall was a hole in the sidewalk underneath the newspaper. The hole, which was on the side of the pavement nearest the property line, was about five inches in depth and from five to six inches in width. Mrs. Leson's testimony as to the newspaper was confused and contained a number of pointed contradictions in comparison with her testimony at the former trials with which she was confronted. At one place she testified that she had seen the newspaper as she walked down the sidewalk and, at another time, that she did not see it until after she had fallen. She testified that the newspaper covered the

whole of the sidewalk, obviously meaning at most the sidewalk's five foot width and, again, she corrected this by saying that she did not "say the whole way across" and that she meant "only over on this side", i. e., the inside of the walk. She admitted having seen the holes and the "crackup" condition of the sidewalk over some twelve to fifteen feet before coming to the newspaper and leading right up to it (see Plan Plaintiffs' Exhibit 4) and that she had "carefully" picked her way along the sidewalk in a zigzag course to avoid the holes and depressions until she stepped on the newspaper and fell. The conflicts in Mrs. Leson's testimony are, of course, to be resolved in her favor so far as that is possible. But, when her testimony as a whole and that of her witnesses is read in a light most favorable to the plaintiffs, it clearly appears that Mrs. Leson had seen and had adapted herself to the sidewalk's condition of disrepair except for the hole covered by the newspaper. That the holes in the sidewalk outside of and around the newspaper were plainly observable is further confirmed by the photographs (Exhibits 2 and 3) which the plaintiffs themselves offered in evidence as showing a correct representation of the sidewalk at the time of the accident.

The case therefore comes down to a question of whether the presence of the newspaper, to which Mrs. Leson testified, absolves her of contributory negligence in stepping, in broad daylight, into the hole covered by the paper. Unquestionably, with the newspaper absent, Mrs. Leson would have been guilty of contributory negligence as a matter of law. We recently said in *Cox v. Scarazzo*, 353 Pa. 15, 17, 44 A. 2d 294, "One who, in broad daylight, walks into an obvious defect in a sidewalk is presumptively negligent. '. . . the burden rests upon the party complaining to show conditions outside of himself which prevented him seeing the defect, or which would excuse his failure to observe it': Lerner v. City of Philadelphia, 221 Pa. 294, 296. See Bilger v.

Great Atlantic & Pacific Tea Company, 316 Pa. 540; Petruski v. Duquesne City, 152 Pa. Superior Ct. 393; Walker v. Stern, 132 Pa. Superior Ct. 343."

Under the circumstances here present as to the readily observable defective condition of the sidewalk in general, whereof Mrs. Leson admittedly was fully informed, was the newspaper over one portion of the broken walk such a condition outside of herself as would exculpate her from guilt of contributory negligence? We think not. "When one abandons the use of his natural senses for the time being, and chooses to walk over a pavement by faith exclusively, and is injured by some defect in the pavement, he has only himself to blame": *Lerner v. City of Philadelphia,* 221 Pa. 294, 295, 70 A. 755. The obvious condition of the sidewalk all about the newspaper as well as over the course Mrs. Leson had just taken in approaching it, as shown by the evidence for the plaintiffs, put her on notice that defects were to be expected in the portion of the sidewalk hidden by the newspaper just as they existed around and beyond it. Having professedly threaded her way among the exposed and evident holes in the sidewalk right up to the newspaper, she was guilty of a want of care in blindly stepping upon it without anticipating that a like defective condition in the sidewalk existed underneath it. Where the possible presence of a dangerous condition is as foreseeable as it was under the evidence for the plaintiffs in this case, the temporary obscuration of a small portion of the condition cannot provide a legally sufficient excuse for one's failure to apprehend its continuity. Not everything that may be ascribed as having barred one's vision is sufficient to excuse him for failing to sense the presence of a dangerous condition: cf. *Lerner v. City of Philadelphia,* supra, at p. 296.

In the view we thus take of this case, it becomes unnecessary to consider or pass upon the errors assigned by the appellant in respect of the lower court's denial of the motion for a new trial.

The judgments appealed from are reversed and the cause remanded for the entry of judgments for the defendant City of Pittsburgh n. o. v.