Petrilli et vir, Appellants, v. Pittsburgh et al.

Argued April 11, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Charles G. Notari,* for appellants.

*H. Stewart Dunn,* with him *Robert D. Dalzell* and *Dalzell, McFall, Pringle & Bredin,* for appellees.

OPINION BY ARNOLD, J., July 19, 1946:

The plaintiffs, husband and wife, sued the city of Pittsburgh for damages for injury to the wife due to the alleged negligence of the city in failing to maintain in a safe condition the cartway crossing on a public street. The city joined the Peoples Natural Gas Company as an additional party defendant, alleging that the Gas Company was in complete charge and control of the situs. The court below granted a compulsory nonsuit, which it subsequently refused to take off, and this appeal followed.

At about 11:30 o'clock in the morning on a bright day the plaintiff was walking southeasterly on the sidewalk on the east side of Lang Avenue. She came to the intersection of Kedron Street and she found it so torn up and in such bad condition that she was afraid to cross it. She turned southerly, crossing Lang Avenue to its westerly side, and then started across Kedron

Street. She testified that in about the center of Kedron Street she stepped upon a newspaper which covered a hole some three inches deep and six inches across, which caused her to sprain her ankle. The plaintiffs' testimony disclosed that there had been a gas explosion some months before, and because thereof Kedron Street "was torn up about eight feet deep and they had a few boards over that hole [made by gas explosion] . . . I was afraid to walk over . . . for fear I would fall." It also appears in the plaintiffs' case that the cartway of Kedron Street had been torn up for months, and that the disrupted condition at the intersection of Lang Avenue and Kedron Street had existed for many months.

The judgment of the court below was correct. This case is ruled by *Leson et vir v. Pittsburgh*, 353 Pa. 207, 44 A. 2d 577, in which the wife-plaintiff also alleged that she stepped on a newspaper covering a hole in the sidewalk. In the *Leson* case the sidewalk was in bad condition or "cracked up". The following excerpts from that opinion rule this case, the only difference being that in the *Leson* case the accident occurred on a sidewalk. By substituting the word "cartway" for the word "sidewalk", the cases are practically identical. The Supreme Court, speaking through Justice JONES, said, page 210: "The case therefore comes down to a question of whether the presence of the newspaper . . . absolves her [the wife-plaintiff] of contributory negligence in stepping, in broad daylight, into the hole covered by the paper. Unquestionably, with the newspaper absent, [the wife-plaintiff] would have been guilty of contributory negligence as a matter of law." . . . "Under the circumstances here present as to the readily observable defective condition of the sidewalk in general, whereof [the wife-plaintiff] admittedly was fully informed, was the newspaper over one portion of the broken walk such a condition outside of herself as would exculpate her from guilt of contributory negligence? We think not." . . . "The obvious condition of the sidewalk all about the news-

paper as well as over the course [the wife-plaintiff] had just taken in approaching it, as shown by the evidence for the plaintiffs, put her on notice that defects were to be expected in the portion of the sidewalk hidden by the newspaper just as they existed around and beyond it . . . she was guilty of a want of care in blindly stepping upon it [the newspaper] without anticipating that a like defective condition in the sidewalk existed underneath it. Where the possible presence of a dangerous condition is as foreseeable as it was under the evidence for the plaintiffs in this case, the temporary obscuration of a small portion of the condition cannot provide a legally sufficient excuse for one's failure to apprehend its continuity. Not everything that may be ascribed as having barred one's vision is sufficient to excuse him for failing to sense the presence of a dangerous condition: cf. Lerner v. City of Philadelphia, supra, at p. 296." (221 Pa. 294, 70 A. 755).

Judgments affirmed.