## DeClerico (et ux., Appellant) *v.* Gimbel Brothers, Inc.

Argued October 3, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Pershing N. Calabro,* with him *Joseph N. Bongiovanni, Jr.,* for appellant.

*Howard R. Detweiler,* with him *Frank R. Ambler,* for appellees.

OPINION BY ARNOLD, J., January 17, 1947:

This action of trespass was brought to recover damages for personal injury alleged to be caused by defendant's negligence. The court below imposed a compulsory nonsuit and refused to take it off, and the wife-plaintiff appealed. The careful opinion of Judge WINNET, writing for the court below, shows that the nonsuit was properly entered. The wife-plaintiff testified that she was descending the defendant's dimly lighted stairs leading to the subway, and she stepped upon a piece of paper which seemed to have under it a soft, mushy substance which caused her to fall. The paper covered about one-half, horizontally, of the tread of the step. The testimony showed that the stairway was gen-

erally dirty and had been, for a considerable number of days, littered with pieces of dirty, torn newspapers.

The legal cause of the accident, i. e., the substantial factor of the plaintiff's harm,[1] was the alleged soft substance underneath the paper on which she stepped. The newspaper did not cause her to fall, it caused the alleged danger to be hidden, and it could not be considered as the substantial factor of her harm.

In what may be termed the obscuration cases, i.e. where the dangerous condition is hidden by some substance such as water, snow, paper or confusing lights, the obscuration is never the legal cause of the harm, but operates in certain cases to relieve the injured party from the contributory negligence of failing to observe the danger. See *Leson et vir v. Pittsburgh,* 353 Pa. 207, 44 A. 2d 577; *Petrilli et vir v. Pittsburgh et al.,* 159 Pa. Superior Ct. 480, 48 A. 2d 708. Since the legal cause of the plaintiff's harm was the soft substance on the tread of the step, there can be a recovery only upon a showing that the defendant had actual or constructive notice of its presence. Of this there was no evidence.

The whole matter is carefully covered by Judge HIRT in *Smith et ux. v. American Stores Company,* 156 Pa. Superior Ct. 375, 378, 40 A. 2d 696, in these words: "In general, in an action arising from personal injury, the burden is on the plaintiff to prove the negligence of the defendant which caused it. And cases involving injury to an invitee of a storekeeper are no exception to the rule; res ipsa loquitur does not apply. This often is a heavy burden on a plaintiff even in a meritorious case. Cf. *MacDonald v. Gimbel Brothers, Inc.,* 321 Pa. 25, 183 A. 804. And although under some circumstances the difficulties of proof of negligence may be insurmountable, yet the rule has not been relaxed. A storekeeper is not liable except upon proof of the negligence

---

[1] Restatement, Torts, §431 (a).

of his servant or employee, chargeable to him, or of a dangerous condition of which he has had actual or constructive notice. His duty rises no higher than to keep his store in a reasonably safe condition and to remove hazards of which he has actual knowledge or which have continued long enough to charge him with constructive notice of their existence. Chapman v. Clothier, 274 Pa. 394, 118 A. 356; Reay v. Montgomery-Ward & Co., 154 Pa. Superior Ct. 119, 35 A. 2d 558. In the absence of proof that the defendant here had actual or constructive notice of the existing hazard, plaintiffs' right to recover must rest upon proof of a negligent act of an employee of defendant which set up the dangerous condition." See Restatement, Torts, §343.

Applying this rule it follows that the soft substance, and indeed the newspaper, might have been dropped or placed on the step a minute before the accident; and there being no actual or constructive notice to the defendant of the presence of the dangerous condition, the soft substance, the nonsuit was properly imposed.

The order and judgment of the court below are affirmed.