Devine, Appellant, v. Samter Bros. Co. et al.

Argued May 23, 1949. Before MAXEY, C. J., LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Ulric J. McHale,* with him *Frank J. McDonnell,* for appellant.

*Hugh J. McMenamin,* with him *Willard M. Henkelman,* and *O'Malley, Harris, Harris & Warren,* for appellees.

PER CURIAM, June 24, 1949:

This is an appeal from the refusal of the court below to take off a compulsory non suit. At 2:00 P.M. on August 21, 1948, plaintiff accompanied by her daughter and grandson was walking in an easterly direction on the sidewalk on the northerly side of Lackawanna Avenue, Scranton, Pa., approaching its intersection with Penn Avenue. Defendant, Samter Bros. Co., occupy and control the store premises at the corner of Lackawanna and Penn Avenues and the sidewalk in front of the premises, on which plaintiff was walking. George L. Basila, d.b.a. Geo. L. Basila Co., a contractor, was engaged in making repairs and excavating part of the sidewalk in front of the premises of Samter Bros. Co., near the curb.

As the plaintiff approached the intersection the street was crowded with people. Several buses were loading and discharging passengers. Plaintiff stepped to the right to avoid them, was caught in part of the excavation on the sidewalk and thrown to the ground suffering injury. No barriers were erected around the excavation.

Defendant contended that the plaintiff was guilty of contributory negligence, as a matter of law, in stepping into an unguarded depression which was plainly visible and a portion of a public sidewalk. Her view was not obstructed. There was a safe way to travel over the other one-half portion of the sidewalk. This view was accepted by the court below, which said: "It was the obligation of the plaintiff who stepped into a depression in the sidewalk in full daylight to produce evidence

showing that she was prevented from seeing the danger or excusing her failure to observe it. It is the duty of a pedestrian to look as he or she walks and to see that which is there to be seen if one looks." Citing *Lewis v. Duquesne Company*, 346 Pa. 43; *Walker v. Broad and Walnut Corporation*, 320 Pa. 504.

The court below held that the case fell squarely within the facts in the case of *Lerner v. City of Philadelphia*, 221 Pa. 294, 70 A. 755. In that case this Court, speaking through Justice STEWART, said that we have "never yet [gone] so far as to excuse the pedestrian using the pavements from the duty of exercising ordinary care. When one abandons the use of his natural senses for the time being, and chooses to walk over a pavement by faith exclusively, and is injured because of some defect in the pavement, he has only himself to blame."

Judgment is affirmed.