## DiMenna v. Philadelphia, Appellant.

Argued April 26, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY and ARNOLD, JJ.

*Levy Anderson*, Deputy City Solicitor, with him *Raymond Kitty*, Assistant City Solicitor, *Jerome J. Shestack*, First Deputy City Solicitor, and *Abraham L. Freedman*, City Solicitor, for appellant.

*George W. Alexander, Jr.*, with him *D. T. Spagnoletti*, for appellee.

OPINION PER CURIAM, May 23, 1955:

In this suit in trespass plaintiff, Diomira DiMenna, sought to recover damages from the City of Philadelphia for injuries resulting from a fall on the south sidewalk of City Hall at a point some 35 feet east of the southern archway, about 15 feet from the building line and 10 feet from the south curb. The jury returned a verdict in her favor in the sum of $3,000.

Plaintiff is an elderly lady who had lost the sight of one eye. At the time of the accident she was carrying a hand-bag and a bundle or shopping bag containing two small plants. She walked west from Juniper Street and had just turned to go south across South Penn Square. It was between 9:30 and 10:30 o'clock in the morning of an April day; the weather was a little cloudy and it was somewhat dark. She claimed that where there was a joinder on the sidewalk of two

cement blocks, each about 8 feet square, the one to the west was elevated above the adjoining one to the east as much as three inches.* The line between the blocks extended from north to south, and she was walking along or parallel with that line on the west or raised portion when she slipped and fell.

The testimony was not very clear in respect to the manner in which the accident happened. Plaintiff testified, not that she tripped or stubbed her toe, but that her left foot "slipped"; the court apparently inferred that this was caused by her straddling the line of joinder between the blocks and that her left foot dropped to the depressed block. There is also room for doubt as to whether she established that the defect complained of had existed for a sufficient length of time to have put the City upon constructive notice; a policeman testified that no repairs had been made on the sidewalk for weeks before the accident, but it might be questioned whether this established that any need for such repairs had existed for any given length of time before the happening of the accident.

Be this all as it may, the City, on its motion for judgment n.o.v., presses only the argument that plaintiff was guilty of contributory negligence as a matter of law in that, walking in daylight, she should have observed the defect in the sidewalk and thereby avoided the accident. It is true that several excuses offered by plaintiff in that regard did not exculpate her from the duty of exercising proper care. She stated that

---

* The police officer who was plaintiff's witness testified that the elevation was one inch to one and one-half inches. He also testified, and the court apparently accepted his testimony, that the raised slab was to the east and the depressed block to the west. If this were so, however, it could not have been that, as plaintiff walked south along the higher block, her *left* foot slipped to the depressed level.

there were some men in front and others in back of her but at what distance she did not indicate, and therefore it cannot be concluded that they affected her opportunity for observation or obscured the defect. She complained that she had to watch the traffic signal before crossing South Penn Square, but she fell at a point some 10 feet north of the curb from which she would have started to enter the roadway. The fact of her age and semi-blindness merely imposed upon her a greater duty of watchfulness. There remains, however, one fact which justified the jury in absolving her from the charge of contributory negligence. As already stated, she was walking on the higher block along the line of the junction between the two blocks, not at right angles thereto. There was no sunshine to cast a shadow upon the depressed block. It could well be that even reasonable observation would not, under such circumstances, have detected the difference in elevation of the two blocks, and therefore it cannot be concluded as a matter of law that plaintiff was guilty of contributory negligence.

Judgment affirmed.

DISSENTING OPINION BY MR. JUSTICE BELL:

I dissent. Plaintiff (1) failed to prove actual or constructive notice of any defect, and (2) utterly failed to prove that the alleged defective condition was the proximate cause of her accident.

Furthermore, (3) where a person "slips" or falls in daytime into a plainly visible defect with nothing to obstruct her view except the packages she was carrying, she is guilty of contributory negligence as a matter of law. Conjecture by Court or jury as to the existence or non-existence of a shadow and its possible effect cannot amount to or be substituted for proof;

and there was absolutely nothing in the evidence to absolve plaintiff from failure to see the defect even if it be assumed arguendo that there was a defect that caused her to fall.