Smith et vir, Appellants, *v.* Sheraden Bank.

Argued April 13, 1955.  Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*A. H. Rosenberg*, with him *Edward Goldberg*, and *Rosenberg and Rosenberg*, for appellants.

*H. E. McCamey*, with him *Joseph P. Fisher* and *Dickie, McCamey, Chilcote, Reif & Robinson*, for appellee.

OPINION BY ROSS, J., July 21, 1955:

Appellants, husband and wife, brought this action in trespass for damages for personal injuries sustained by the wife as the result of a fall on the sidewalk abutting defendant bank's premises in the City of Pittsburgh. After the jury returned verdicts in favor of the plaintiffs the court below entered judgment n.o.v. on the ground that the wife-plaintiff was contributorily negligent, and the plaintiffs have taken this appeal.

On the morning of June 8, 1950 the wife-plaintiff (hereinafter referred to as plaintiff) was walking from her home to a street car stop at the intersection of Hillsboro and Chartiers streets, where she intended to take a street car to her place of employment in downtown Pittsburgh. En route, on the sidewalk adjoining defendant's property she tripped and fell on what she described in her testimony as a "bulge", about three or four inches in height, between blocks of the pavement. Grass growing between the blocks had concealed the defect. Plaintiff testified that prior to the time of her fall she had been unaware of the defective condition of the sidewalk because for at least two years before she had not traversed it.

Appellee at the trial, and now before us, has emphasized a variance between appellant's pleading and proof in that the complaint alleged a hole or depression in the sidewalk whereas the evidence showed a bulge or rise. Substantial, material conformity is all that is required *(Rader v. Palletz,* 160 Pa. Superior Ct. 335, 51 A. 2d 344; *Widmer v. Widmer,* 176 Pa. Superior Ct. 264, 106 A. 2d 875), and in our opinion

the variance in description of the defect was not of such degree as to hamper seriously appellee's preparation of its defense.

The learned court below in its opinion states that binding instructions should have been granted defendant because plaintiff was clearly guilty of contributory negligence, and in support thereof cites *Allshouse v. Wilkinsburg*, 343 Pa. 323, 22 A. 2d 756, and *Davis v. Potter*, 340 Pa. 485, 17 A. 2d 338.

In the *Allshouse* case plaintiff, on a bright, clear day, tripped over the edge of a section of a concrete sidewalk which was raised two and a half inches above the section adjoining it. The Supreme Court, in affirming the entry of a compulsory nonsuit, held that the evidence established that plaintiff was guilty of contributory negligence as a matter of law, stating at page 324: "He was bound to see what was plainly before him and similarity of color of the sections of the sidewalk and observation of traffic conditions in a highway which he was approaching could not excuse him." However, it would appear that plaintiff's own case revealed contributory negligence because several of his witnesses testified that the defect was easily observable to them.

In the *Davis* case the site of plaintiff's fall was an elevation on the sidewalk from 3/4 inch to 1 and 1/8 inches in height, bordered by a flat rim of iron, which had originally been a grating over a light well but was later paved with concrete. A snowstorm an hour earlier had covered the spot with ice and snow. The Supreme Court affirmed the trial court's binding instructions for defendant on the grounds that (1) it was not clear that the elevation was the causative factor of the accident, and (2) the defect was so trivial that the court was bound to hold there was no negligence on the part of defendant in permitting it to

exist. Furthermore, the question of plaintiff's contributory negligence was not involved.

We are not satisfied that these two cases govern the instant decision. While it was the duty of defendant merely to maintain its sidewalk in a condition of reasonable safety and not to insure pedestrians traversing it against any and all accidents (*Harrison v. Pittsburgh,* 353 Pa. 22, 44 A. 2d 273), we do not find, as did the Court in the *Davis* case, that the nature of the sidewalk irregularity three to four inches in height was so trivial that a court is bound to hold that its existence constituted no negligence on the part of the property owner.

The *Allshouse* case is distinguishable in that there plaintiff's attention was distracted by traffic on the street he was approaching. Here, on cross-examination, counsel for defendant bank read excerpts from the written statement signed by plaintiff after the accident, questioning her about them. When he read, "The sidewalk at this point was slightly downhill, and I guess this made me fall a little harder. I was looking straight ahead to see how many were waiting for the street car when I tripped over the break in the sidewalk", plaintiff responded, "I look ahead and down both as I walk. I don't walk with my eyes shut, but I saw the grass and never thought anything about it and went over it."

Appellee argues that plaintiff is guilty of contributory negligence as a matter of law because she could have avoided the defect hidden by the grass by merely altering her course a step to the right, and in support cites *Leson v. Pittsburgh,* 353 Pa. 207, 44 A. 2d 577. In that case plaintiff stepped on a newspaper covering a hole in the sidewalk and fell, sustaining injury. She was held contributorily negligent as a matter of law. However, in the *Leson* case the sidewalk was in

a "readily observable defective condition in general". Mr. Justice JONES, speaking for the Court, stated at page 211: "The obvious condition of the sidewalk all about the newspaper as well as over the course [the wife-plaintiff] had just taken in approaching it, as shown by the evidence for the plaintiffs, put her on notice that defects were to be expected in the portion of the sidewalk hidden by the newspaper just as they existed around and beyond it . . . she was guilty of a want of care in blindly stepping upon it [the newspaper] without anticipating that a like defective condition in the sidewalk existed underneath it . . ." (To the same effect see *Petrilli v. Pittsburgh,* 159 Pa. Superior Ct. 480, 48 A. 2d 708.) In the present case there is no evidence of a "readily observable defective condition in general" to put plaintiff on notice that stepping on the grass involved risk of bodily harm to her.

We think the principle of the *Leson* and *Petrilli* cases, as aptly set forth by Judge (now Mr. Justice) ARNOLD in *DeClerico v. Gimbel Bros., Inc.,* 160 Pa. Superior Ct. 197, 50 A. 2d 716, is applicable to the case at bar. At page 199, speaking for this Court, he stated: "In what may be termed the obscuration cases, i.e., where the dangerous condition is hidden by some substance such as water, snow, paper or confusing lights, the obscuration is never the legal cause of the harm, but operates in certain cases to relieve the injured party from the contributory negligence of failing to observe the danger. See Leson et vir v. Pittsburgh, 353 Pa. 207, 44 A. 2d 577; Petrilli et vir v. Pittsburgh et al., 159 Pa. Superior Ct. 480, 48 A. 2d 708."

Appellee argues further that *Tauber v. Wilkinsburg,* 309 Pa. 331, 163 A. 675, is distinguishable. In that case plaintiff was injured, on a rainy day, when her shoe caught in one of the crevices of the sidewalk. A flagstone pavement had been broken and the stones

replaced but crevices varying from one to four inches in width remained. These crevices were filled with mud and ashes to present a level surface, and it was in evidence that their appearance was that of a smooth piece of sidewalk just wet by ordinary rain. The Supreme Court held that the matter of contributory negligence was a jury question. At page 334 the Court stated: "When an accident occurs in broad daylight, in consequence of an open and exposed defect in the sidewalk, the burden rests upon the party complaining to show conditions outside of himself which prevented him from seeing the defect, or which would excuse his failure to observe it, or which did not present a situation from which knowledge of the doubtful condition would be implied. If such situations exist there is an excuse for walking by faith, but when they do not exist the law charges the party with failure to do what was required of him. . . The testimony of the plaintiff in this case, as believed by the jury, clearly brings her within the exception noted. . . . This evidence presented a circumstance outside of appellee which not only prevented her from seeing the defect but did not suggest possible difficulties."

In the recent case (filed May 23, 1955) of *DiMenna v. Philadelphia,* 381 Pa. 596, 114 A. 2d 123, the Supreme Court considered the factual situation of a fall by plaintiff on the south sidewalk of City Hall on a cloudy April morning, at a point where there was a joinder on the sidewalk of two cement blocks, the one elevated above the adjoining one as much as three inches. Plaintiff was walking on the raised portion when she slipped and fell. The Court, in disposing of the City's charge of contributory negligence, stated per curiam: "There was no sunshine to cast a shadow upon the depressed block. It could well be that even reasonable observation would not, under such circum-

stances, have detected the difference in elevation of the two blocks, and therefore it cannot be concluded as a matter of law that plaintiff was guilty of contributory negligence." Plaintiff in effect had brought herself within the "exception" of the *Tauber* case.

The test for contributory negligence is whether the alleged negligent act of the plaintiff contributed to the production of the injury. *Pascarella v. Kelley*, 378 Pa. 18, 105 A. 2d 70. Contributory negligence may be declared as a matter of law only where it is so clearly revealed that fair and reasonable persons cannot disagree as to its existence. *Coventry v. Keith*, 175 Pa. Superior Ct. 504, 106 A. 2d 658; *Lakata v. DiSandro*, 175 Pa. Superior Ct. 377, 104 A. 2d 502; *Caleodis v. Monessen*, 377 Pa. 511, 105 A. 2d 150. Plaintiff's credibility and the reconciliation of conflicting testimony were for the jury, not the court. *Hayden v. Philadelphia*, 381 Pa. 134, 112 A. 2d 812; *MacDonald, Admrx., v. Pennsylvania Railroad Co.*, 348 Pa. 558, 36 A. 2d 492.

We cannot conclude as a matter of law that plaintiff's conscious act of stepping on a tuft of grass between cement blocks of the sidewalk reveals such clear disregard for her own safety as to take the determination of the issue of her contributory negligence from the jury.

The defendant also moved for a new trial, which was refused by the court below after it had entered judgment n.o.v. for the defendant. The motion for a new trial apparently was refused pro forma and without consideration of its merits. Therefore, following our usual practice (*Stewart v. Pittsburgh*, 157 Pa. Superior Ct. 347, 43 A. 2d 393), the motion for a new trial is reinstated and the record is remanded to allow the court below to pass upon its merits.

The judgment is reversed and the motion for a new trial reinstated.