Milyak, Administrator, v. Philadelphia Rural Transit Co., Appellant.

458

Argued April 24, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

459

*Samuel S. Herman,* for appellant.—The verdict was excessive: Schnatz v. R. R., 160 Pa. 602; Glasco v. Green, 273 Pa. 353; Com. v. Milne, 90 Pa. Superior Ct. 68; Com. v. Slade, 91 Pa. Superior Ct. 533; Boggs v. Tea Co., 266 Pa. 428; Gentile v. Ry., 274 Pa. 335.

The court erred in failing to charge the jury to find the present value of any amount awarded: Gallup v. Rys., 295 Pa. 203; McCaffrey v. Schwartz, 285 Pa. 568.

The appellate court may modify the judgment: Wilson v. Dressed Beef Co., 295 Pa. 168.

*James P. Costello, Jr.,* with him *James J. Welsh,* for appellee.—The amount of the verdict is not excessive: Gentile v. Ry., 274 Pa. 335. See also Foster v. Butler Co., 255 Pa. 590.

OPINION BY MR. JUSTICE SCHAFFER, May 27, 1930:

This suit was originally brought by Anna Hale in her own behalf and that of her minor son to recover damages against defendant for negligently causing the death of her husband, Thomas W. Hale. Subsequent to the commencement of the proceeding Anna Hale died, her death was suggested of record and Paul A. Milyak, her administrator, was substituted as plaintiff. This was proper. Where a widow has brought such an action for damages for the death of her husband and pending the suit the widow dies, her administrator may properly be

substituted as plaintiff; or the suit may be carried to completion by the next friend or guardian of the minor: Fitzgerald v. Edison Electric Illuminating Co., 207 Pa. 118; Miller v. P. R. R. Co., 256 Pa. 142.

Defendant, appealing from a judgment recovered against it for $15,000, argues for judgment non obstante which under the facts shown could not be granted; its real contention, however, is for a new trial because of the excessiveness of the verdict. Under a certain aspect of the case,—that the substantial damages were awarded to the minor,—it is beyond all question far too large, and, if that aspect is the only one to be considered, as we conceive it is, should have been greatly reduced by the court below, which seems to have passed upon the matter not judicially, but sociologically, and upon theories which are lacking in sound judgment. A verdict for damages for death or personal injuries is not to have its justification in fancies or considerations which are purely theoretical, but in a conservative estimate of what will make up, to the one entitled to recover, the pecuniary loss which he has sustained by the death or injury.

The aspect of the case which, as we view the record, controls the proper recovery, is that the amount to be paid, with the exception of $240.50 for funeral expenses, all goes to the minor son of the deceased, at the time of the latter's death about three years old. While the suit was brought by the widow to obtain her loss and the loss of the minor son, no recovery was allowed for her. The damages so far as she was concerned were limited by the court's charge to $240.50, representing the burial expenses of the decedent. This grows out of the fact that it seems to have been assumed by both sides on the trial, although there is no evidence on the record of the fact, that she had deserted her husband and therefore was not entitled to recover anything on her own account, and that her administrator would be entitled to receive, out of the verdict rendered, only the cost of the burial ex-

penses of the decedent. The court in its charge said that the suit was being maintained in the interest of the child, specifically instructing the jury, "As to the administrator of the estate of the decedent, the only item that he would be entitled to recover would be the amount which has been described as the funeral expenses of the decedent, amounting to $240.50. If you find for the plaintiff, and for the administrator, you will find for that amount. As to what should be the basis of your finding in favor of the guardian of Paul Hale [who was not a party to the record], he would be entitled to recover if you found in his favor, and the recovery would be limited to compensation to this boy—and he is represented by a guardian, which is necessary because he is under age—for the loss of what he, Paul Hale, should have expected from his father for his support, maintenance and education during his minority. ...... If you find the accident and death was caused by the sole negligence of the bus driver, representing the defendant, then you would find for the plaintiff, and damages in favor of the administrator to the extent of the amount of the funeral bill, which is $240.50." The record shows that counsel for plaintiff construed the court's charge as directing that there should be two verdicts, and at the end of the charge, called this to the trial judge's attention, pointing out that there should be but one verdict, "that there should not be one verdict for the administrator and one verdict for the boy, but that the verdict should reflect the funeral expenses $240.50, if there is a verdict for the plaintiff; if there should be a verdict for the plaintiff, it should be in such sum in excess of the $240.50 as the jury shall determine; that is, not to split the verdict." To this suggestion the trial judge replied that it had occurred to him that there should be two verdicts, one including the boy's compensation, and the other for the funeral expenses of $240.50 and for that alone. The final direction was that if the jury found for plaintiff in an amount in excess of $240.50, they

should "say in their verdict and include the amount of $240.50 for the funeral expenses," that they should find a gross amount in favor of plaintiff without separating the amount for the administrator. It is apparent that because of something which occurred on the trial which is not on the record (in oral argument it was stated to have been the result of a side bar conference), it had been understood that there should be no recovery of any damages so far as the widow was concerned, and the verdict of $15,000 represented what the minor was entitled to less $240.50.

No such amount measuring his loss could properly be sustained. He is entitled at the most to the present worth of such sums as the father could reasonably be expected to contribute to his support and maintenance for the 18 years until he was 21 years of age, subject, of course, to the consideration that taking into account his walk in life, in all probability he would go to work on his own account when 16 years of age, and that his father might receive from him earnings rather than contribute to his support; in any event, that he would very likely not be receiving anything from his father in these five years. However, if we take account of this entire period, 18 years, and consider the verdict as a sum awarded which at the end of that time would be exhausted, as it would be if the father contributed it, then under the annuity tables the amount received by him would be the equivalent of approximately $1,500 a year, which would nearly, if not quite, equal the father's entire earnings based upon what he was receiving at the time of the accident, or at simple interest would give the boy approximately $900 a year and leave the principal of $15,000 intact when he came of age. The father, who was a chauffeur and laborer, had a regular wage at the time of the accident of $27.50 per week. It was testified that doing extra work at night he made $12 a week in addition. He had been working as a chauffeur for only about three weeks at the time of the accident. Prior

to this employment, he had been making fifty cents an hour as a laborer for an electric company, which would average him less than $120 per month. If we assume that his average wage during all the period had been at the rate of $30 per week and that he worked all the time, this would make his yearly earnings slightly over $1,500. If he contributed one-third of this sum to the child's support (which is most unlikely), it would not amount to one-half of the verdict, considering its present worth value. On the assumption that the father's average earnings for the 18 years would be $1,500 a year, the verdict represents more than half of them. Simple interest on the sum awarded would take care of the son for his whole life on a basis of approximately three-fifths of his father's average proved earnings without taking into consideration any interruption of his employment. A considerable part of the time apparently the father contributed nothing to the support of the child, who lived with his grandmother in Alabama. The only cash contributions which the testimony discloses he made for the support of his son in a period of fourteen months were $63. Of course, he could have been compelled to adequately support the child according to his means. It is not the total earnings of the father which measure the pecuniary interest of the son in his life, but the likely amount which he would have contributed toward the support and maintenance of the child; and not even this sum multiplied by the number of years of the expected support, but the present worth of such sum: Glasco v. Green, 273 Pa. 353.

This is peculiarly a case in which the court should have instructed the jury to reduce the amount awarded to its present value and this was not done. While it is true no request was made for such an instruction, the court should have given it without request, because unless it was given the damages would not be accurately measured. The jury should have such guidance from the court on the question of damages as will give them

an intelligent understanding of how they should be ascertained: Shimer v. Penn Electric Smelting Co., 273 Pa. 467; Kahn & Feldman, Inc., v. Herbert, 279 Pa. 440; Pauza v. Lehigh Valley Coal Co., 231 Pa. 577. "Failure to instruct the jury to find the present worth of future payments to be anticipated and capitalized in the verdict, even where no special requests for such instructions had been made, is reversible error": McCaffrey v. Schwartz, 285 Pa. 561, 568. This is particularly so in cases such as this, where present worth, measuring the value of payments extending over a long period of years, is such a potential factor in any proper calculation of the damage. We said in the McCaffrey Case, (page 569) : "Such instructions are always appropriate where future payments are to be anticipated in a verdict; trial courts must keep this fact in mind when dealing with that class of cases, for, should the exaggerated size of a particular award indicate the jury's failure to discount the value of future losses, the absence of all instructions on present worth might well lead to a reversal in cases where attention was called to the oversight at the trial or a new trial was refused despite an allegation of excessiveness in the verdict. . . . . . . Particular care must be exercised to bring home to the jury the essential idea that the value of a lump sum received to-day is much greater than the value of a number of similar sums of equal total amount received over a long period of time." The court in banc, when the application was made to it for the granting of a new trial because of the excessivness of the verdict, should have had in mind what we said in Gail v. Phila., 273 Pa. 275.

While we have the right, under the Act of May 20, 1891, P. L. 101, section 2, West's Pennsylvania Statute Law, paragraph 551, to modify the judgment and to enter such judgment as we may deem proper, we are loathe to exercise this power and prefer under ordinary

conditions that a just verdict shall be rendered on another trial.

The court below erred in not reducing the verdict or granting a new. trial. The second, sixth, seventh and eleventh assignments of error are sustained and a new trial is awarded.