## Tauber *v.* Wilkinsburg, Appellant.

Argued October 10, 1932. Before FRAZER, C. J., SIMP-
SON, KEPHART, MAXEY, DREW and LINN, JJ.

*J. Clark Stewart,* for appellant.—Where a pedestrian is injured by a defect in the sidewalk which he could have seen and avoided had he looked, he cannot recover: Shallcross v. Phila., 187 Pa. 143; Kennedy v. Phila., 220 Pa. 273; Kennedy v. Pbg., 230 Pa. 244; Kleckner v. R. R., 258 Pa. 461; Gryning v. Phila., 269 Pa. 277; Lane v. Dickinson, 276 Pa. 306.

*Thos. M. Marshall, Jr.,* with him *I. Grauer* and *Henry X. O'Brien,* for appellee.—The facts in the instant case bring it within the distinction set forth in Lerner v. Phila., 221 Pa. 294.

OPINION BY MR. JUSTICE KEPHART, November 28, 1932:

Appellee suffered a sprained ankle and a torn ligament for which she recovered in the court below $7,500, later reduced to $6,000. The municipality appeals. The negligence of the borough is clearly established, and the controversy concerns appellee's contributory negligence.

The facts concerning the accident are briefly as follows. When the Ross Avenue Church in Wilkinsburg was being moved, trucks passing over the sidewalk broke the flagstones into many pieces. They were afterwards replaced, leaving crevices between them varying from one inch to four inches in width. These were filled with mud and ashes to present a level surface. At seven o'clock on the morning of May 21, 1929, while walking on this pavement, the heel of appellee's shoe caught in one of these crevices, causing her to fall to the pavement and to sustain the injuries mentioned.

Pedestrians must use reasonable care on the footwalks of public streets to look where they are going. When an accident occurs in broad daylight, in consequence of an open and exposed defect in the sidewalk, the burden rests upon the party complaining to show conditions outside of himself which prevented him from seeing the defect, or which would excuse his failure to observe it, or which did not present a situation from which knowledge of the doubtful condition would be implied. If such situations exist there is an excuse for walking by faith, but when they do not exist the law charges the party with failure to do what was required of him: Robb v. Connellsville Boro., 137 Pa. 42; Lerner v. Phila., 221 Pa. 294; Fordyce v. White Star Bus Lines, 304 Pa. 106; Lane v. Dickinson, 276 Pa. 306.

The testimony of the plaintiff in this case, as believed by the jury, clearly brings her within the exception noted. Appellee stated she had her umbrella up to protect her from rain, and because of the driving wind held it at an angle, but this did not obstruct her view. She was looking where she was going and the surface appeared smooth. This testimony was supported by that of her sister who stated that the crevice "was filled with soft mud and water;......it looked smooth; it just looked like a smooth piece of sidewalk that was just wet by ordinary rain." The evidence tended to show that, due to the nature of the surface, the filling between the flagstones gave an appearance of being smooth pavement. This evidence presented a circumstance outside of appellee which not only prevented her from seeing the defect but did not suggest possible difficulties. The question of contributory negligence was for the jury.

Appellant contends the verdict of $6,000 was so excessive as to shock the sense of justice. The actual expense incurred by appellee, including the bills of two doctors and of a nurse for three weeks, totaled $115. She was confined to her bed three weeks following the accident, but continued to receive her wages during that

period. She suffered no subsequent diminution of wages. On the contrary, they have increased some $2 a week, amounting now to $24 a week, and she has missed only one or two days work since the injury. It is evident then that $5,885 of the verdict was compensation for pain and suffering. The actual injuries complained of were a sprained ankle and a torn flexor ligament in that ankle. That the immediate pain was great is uncontroverted. The doctor who first treated appellee testified that when he last examined her, some six weeks after the accident, she was well on the road to recovery, but that her ankle might be weak for a period of two years. A chiropractor, who gave plaintiff treatment eight months after the accident, said that at that time she was suffering pain. The doctor for appellant stated that he made an examination and measurement before trial and found no difference between her two ankles; that she was suffering no pain, and under recognized tests exhibited no particular nervous disorder. Appellee claimed she suffered pains in her back, but this was not related to the accident by the testimony of any of the doctors. She also said, and in this was supported by members of her family, that she frequently was unable to sleep at night, and had to be massaged; that she was extremely nervous and subject to crying spells. This latter statement was amply supported by her dramatic outbursts during the course of the trial. Other witnesses testified as to her good health before the accident and her nervousness thereafter. However, the facts show that she has lost no weight, but in fact has gained, and is now overweight.

The greater part of the jury's verdict must have been based upon the testimony as to her subsequent nervousness, pains in the back, and crying spells. However, there was no medical testimony to relate these disorders to the injury except that of one doctor who examined her before trial, but the value of his testimony has already been passed on by this court. See Murphy v. P. R. R. Co., 292 Pa. 213.

While the rule is well settled that this court has the power to modify a judgment and to enter such order as it may deem proper, "we are loath to exercise this power and prefer under ordinary conditions that a just verdict shall be rendered on another trial": Milyak v. P. R. T. Co., 300 Pa. 457. In the case at bar no trial errors are assigned and only the verdict is complained of: the case is a proper one for relief to the appellant, and we feel the amount finally given is so excessive as to shock our sense of justice. See Scott v. American Express Co., 257 Pa. 25; Goldman v. Mitchell-Fletcher Co., 285 Pa. 116; King v. Equitable Gas Co., 307 Pa. 287. To allow such a verdict to stand as compensation for what was in effect no more than a painfully sprained ankle would open the door to a type of litigation which should be restrained rather than encouraged.

Judgment is reduced to $4,000, and, as modified, is affirmed.