Meholiff *v.* River Transit Company, Appellant.

Argued May 14, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

H. E. McCamey, with him H. A. Robinson, of Dickie, Robinson & McCamey and Harry F. Moore, for appellant.

John J. Moschetta, with him David I. McAlister, of McAlister & Zelt, for appellee.

OPINION BY MR. JUSTICE PARKER, June 30, 1941:

The plaintiff obtained a verdict of $10,351.72 for property damages and personal injuries resulting from a collision of his car with a bus of the defendant. After motion by defendant for a new trial on the ground that the verdict was excessive and was not supported by the evidence, the court below directed that a new trial be had unless plaintiff consented to a reduction of the verdict to $7,250. Plaintiff remitted the excess and judgment was entered for the reduced amount. The defendant then secured new counsel and presented a petition for reargument, suggesting additional reasons for the granting of a new trial. The new reasons related to after-discovered evidence and to alleged trial errors. The petition for reargument was refused and defendant has appealed. We agree with the conclusion of the court below that the verdict was too high but are all of the opinion that the judgment entered is also too high.

The propriety of granting a reargument is a matter resting in the sound discretion of the court which heard the argument, and this is peculiarly so when the reasons for asking reconsideration are such as could have been presented originally. There must be some end to litigation and we will not reverse in such a case in the absence of clear proof of an abuse of discretion. However, since we entertain the views expressed as to the size of the judgment, we have examined the new reasons and find them without merit.

The damages resulted from a collision between a passenger car driven by plaintiff and a bus operated by

one of defendant's employees while approaching each other at night from opposite directions on a straight piece of highway. The main controversy at the trial was as to which vehicle was on the wrong side of the road. One of plaintiff's witnesses was a police officer who, defendant subsequently discovered, was sentenced to the penitentiary for robbery and was imprisoned from 1926 to 1933. He was a police officer before and after his incarceration. Defendant alleged that it first discovered those facts with relation to the witness after the argument of the motion for a new trial and further complained that the witness, Isenberg, had not disclosed his criminal record when he was being cross-examined. We agree with the court below that there is nothing in the testimony of the witness taken with the facts subsequently discovered that indicates a false answer by the witness as to his previous employment. We cannot interpret his testimony as counsel for defendant do. We have therefore only an offer of after-discovered evidence intended to impeach the credibility of a witness.

"After-discovered evidence offered only to impeach the credibility of witnesses who testified at the trial does not constitute sufficient ground for granting a new trial": *Com. v. Becker*, 326 Pa. 105, 119, 191 A. 351, and cases there cited. Moreover, Isenberg was not an eyewitness to the accident and did not pretend to be. His testimony was principally as to the marks he found on the pavement leading to the bus when he was summoned as a local policeman to the scene of the accident. Although his testimony supported other evidence supplied by the plaintiff, it was not upon his testimony alone that plaintiff depended for a recovery.

The remaining new reasons have to do with alleged errors in the charge to the jury. Appellant does not say that the court incorrectly stated the law, but does contend that more specific instructions should have been given as to contributory negligence, as to the effect

of interest on the credibility of a witness, and as to the preponderance in number of defendant's witnesses. It is also argued that the judge did not adequately discuss the subject of present worth in arriving at a verdict. The court did instruct the jury on the subject of contributory negligence, correctly advising them where the burden rested and in substance that the plaintiff could not recover if the evidence showed that his negligence contributed to the accident. While the charge did not set forth a comparison in figures between the number of witnesses of the respective parties, the court named all of the witnesses and summarized their testimony. The jury knew the number of witnesses and if specific instructions were given as to the effect of numbers it would probably have been the court's duty to have gone farther and advised them that the manner and appearance of the witnesses, the character of the story and its inherent probability might have been such as to lead the jury to believe the testimony of the lesser number: *Braunschweiger v. Waits,* 179 Pa. 47, 51, 36 A. 155.

Where, as here, no particular instructions are requested, the court is responsible for the general effect of the charge as a whole and is required to instruct as to matters of law that are fundamental to the case, but it is not responsible for a mere failure to elaborate general principles. If the court had been asked to enlarge on the subject it undoubtedly would have done so. A party may not remain silent and take his chances on a verdict, and then, if it is adverse, complain of mere inadequacy which could have been corrected: *Reznor Mfg. Co. v. B. & L. E. R. R.,* 233 Pa. 369, 82 A. 473. What we have said applies with equal force to the complaint on the subject of present worth. We have carefully examined the charge with that complaint in mind and find no reversible error. The court followed quite closely the rule and admonitions laid down

by this court in *McCaffrey v. Schwartz,* 285 Pa. 561, 132 A. 810.

As the court below pointed out the petition for re-argument was not presented until more than two months after the original argument was heard and until after that court had rendered its decision, the plaintiff had remitted the excess, and judgment had been entered for the reduced amount. That situation placed a heavy burden on the defendant which it failed to sustain.

It is just as clear to us as it was to the trial judge and the other members of the court below that the verdict of the jury was excessive and shocks a sense of justice. The present question is whether a sufficient reduction in the verdict was made in the judgment that was entered. An answer requires a reference to the evidence. The record shows that the plaintiff's automobile was damaged to the amount of $217.62, that plaintiff incurred doctor bills to the amount of $44 and lost wages previous to the trial to the amount of $90. The balance of the present judgment of $7,250 represents an amount allowed for pain and suffering, loss of future earnings, and the expense of a possible operation on plaintiff's knee. Plaintiff, a coal miner working as a snapper, was twenty-nine years of age and was equipped only for manual labor. He suffered an injury to his forehead which left a slight scar which can be seen when standing close to him, an injury to his knee, and a sacroiliac sprain. He returned to his work at the end of a week and had lost a total of fifteen days' work between the day of the accident and the time of trial. Plaintiff testified that he cannot do as heavy work as he did before the injury but that he is receiving the same pay. He complains of some pain and discomfort when he works and says that his knee has a tendency to lock.

He called as witnesses, for the purpose of showing the effects of the accident, Dr. Morgan and Dr. Edwards. Each of these assumed from the fact that he said that

his knee locked at times that he had an injury to the semilunar cartilage of the left knee. They had not seen the knee when it was locked and defendant's expert testified that plaintiff told him it had never locked. It appeared from the expert testimony that the injury to the knee could be corrected by an operation at a cost of from $450 to $500 and a loss of two or three months' time. Plaintiff's own expert also testified that the injury to the knee would not become worse than it now is and that the discomfort coming from the sprain in the back would probably clear up if he had an operation on the knee.

Taking the most favorable view of the testimony produced, we cannot find such evidence of severe or permanent injury as would sustain a judgment of $7,250. While the rule is well established that this court has the power to modify a judgment and to enter such order as we may deem proper *(Tauber v. Wilkinsburg,* 309 Pa. 331, 336, 163 A. 675), "we are loathe to exercise this power and prefer under ordinary conditions that a just verdict shall be rendered on another trial": *Milyak v. P. R. T. Co.,* 300 Pa. 457, 464, 150 A. 622. Here, however, the plaintiff's case was presented to the jury in a charge that was eminently fair to plaintiff and without reversible error and the discrepancy between the damages as proved and the judgment is so great that we feel compelled to reduce the judgment. In our opinion the largest amount that the evidence will support is $5,000. In fixing that amount we have given due consideration to the opinion of the court below who heard and saw the witnesses and to the record as presented to us.

Judgment is reduced to $5,000 and, as modified, is affirmed.