Jackson et al. *v.* Yellow Cab Co. et al., Appellants.

Argued November 10, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Thomas E. Comber, Jr., with him James J. Leyden, Pepper, Bodine, Stokes & Hamilton, and Schnader, Harrison, Segal & Lewis, for appellants.*

*Thomas P. Mikell, with him Saul, Ewing, Remick & Saul, for appellee.*

PER CURIAM, January 10, 1949:

This suit in trespass grew out of an automobile collision in the City of Philadelphia on June 25, 1946, in which minor plaintiff, William H. Jackson, II, then fourteen years of age, suffered painful and permanent injuries to his left hand. The jury rendered verdicts against both defendants—one in favor of minor plaintiff in the sum of $10,000, and the other in favor of his father in the sum of $164.88. After the learned court below refused defendants' motions for a new trial, and judgments were entered on the verdicts, defendants took separate appeals.

The sole question for our determination is whether the verdict for the minor plaintiff is excessive.

We have carefully studied the record and are of the opinion that the court below has fully summed the injuries suffered by minor plaintiff, as follows: "Immediately after the accident the end of his middle finger was simply hanging by the flesh, and the index and little fingers were badly lacerated at their tips. Two-thirds of the distal phalanx of the middle finger of the left hand was amputated. Portions of the fleshy pads at the end of the index and little fingers were removed and the wounds sewn. The remaining flesh on these two fingers was insufficient to close the wounds and as a result, the ultimate healing had to be done by granulation. The testimony of the boy, corroborated by the surgeon, was that he had very painful injuries and for some time had to be kept under narcotics. There were many painful re-dressings which caused him to undergo pain, and there is testimony that he still has pain when tips of his

fingers come in contact with various things—particularly mentioning golf clubs and things similar thereto."

While it is well settled that we have the power to modify a judgment and to enter such order as we may deem proper (*Meholiff v. River Transit Company*, 342 Pa. 394, 20 A. 2d 762), "we are loathe to exercise this power and prefer under ordinary conditions that a just verdict shall be rendered on another trial" (*Milyak v. P. R. T. Co.*, 300 Pa. 457, 150 A. 622). Here, however, since no trial errors are assigned and only the verdict is complained of, and since we believe the verdict of $10,000 is so excessive as to shock our sense of justice, this is a proper case for relief to appellant. While the evidence shows that the deformity and disfigurement of minor plaintiff's left hand are considerable and permanent, nevertheless we are convinced that the largest amount that the evidence in this case will support is $7,000.

Judgment in favor of William H. Jackson, II, a minor, by William R. Jackson, is reduced to $7,000, and, as modified, is affirmed.