## Dornon, Appellant, v. McCarthy.

Argued October 1, 1963. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Martin E. Geary,* with him *Frank C. Carroll,* for appellant.

*Charles G. Sweet,* for appellees.

OPINION BY MR. JUSTICE ROBERTS, November 27, 1963:

Plaintiff obtained a jury verdict of $30,000 for personal injuries sustained by him in an automobile collision on December 3, 1958.[1] The opinion of the court below describes the circumstances of the accident as follows: "In reviewing the testimony it is undisputed that the plaintiff's automobile was bumped in the rear by the taxi operated by Homer Wise. No substantial damage was done to the plaintiff's automobile and no claim was made for damages. The testimony indicated only that the defendant's bumper had been pushed beneath the plaintiff's bumper leaving some scratches on the plaintiff's bumper and gasoline tank. The

---

[1] This trial began on September 18, 1962, and was completed on September 24, 1962. On three previous occasions (May and November of 1961 and May, 1962), the cause was partially tried but not completed for various reasons.

bumper of the taxicab was bent, the right front parking light broken and a hole punched in the radiator grill."[2]

Plaintiff claimed medical expenses of $1,484.21 and anticipated medical expenses of $450. Of this total of $1,934.21, the court below observed that $450 was "for [already received] therapy and manipulation, which his [plaintiff's] own physician did not recommend or approve." At the time of the accident, plaintiff was 59 years of age and was self-employed as a pottery salesman. During the five years prior to this accident, he had earned a total of $4,004.50.[3]

Defendants moved for a new trial, primarily on the ground that the verdict was excessive,[4] and that it failed to give consideration to the verdict of $6,500 which plaintiff recovered in federal court for a substantially similar whiplash injury arising out of an earlier accident (November 1, 1956).[5]

---

[2] This description is fully supported by the record.

[3] In 1954 he worked four months, earning $1,250.50, and did not work the balance of the year because of illness; in 1959 he worked only the last three months and earned $842 that year. During 1956 he worked about six months, earning for that year $1,912. He was involved in an accident on November 1, 1956, and was incapacitated as a result of that accident until July 1, 1958, when he was able to return to work but did not do so because of the illness of his wife. Plaintiff "planned to return to work on January 1, 1959, . . . but was prevented from doing so because of the instant accident of December 3, 1958."

[4] In addition to other reasons, it was urged that plaintiff's proof failed to designate and separate the injuries, pain and suffering allegedly due to this accident from the injuries received in plaintiff's other accidents of November 1, 1956 and December 28, 1959.

[5] The complaint in the action in federal court alleged injuries substantially similar to those asserted in the present proceeding. Paragraph 10 of the complaint there (admitted in evidence) recites: "As a result of the collision aforesaid the plaintiff was seriously and permanently injured. He suffered an injury to the bones,

The court en banc noted that: "The verdict of the jury, in the sum of $30,000, under these circumstances, really shocks the conscience of the court," and directed that a new trial be had, unless plaintiff file a remittitur consenting to a reduction of the verdict to $13,000. Plaintiff refused to remit the excess and took this appeal from the grant of a new trial.

Our review of the record satisfies us, as it did the trial judge and the unanimous court en banc, that the verdict of the jury was excessive and shocks a sense of justice. To permit the verdict in the amount returned by the jury to stand undisturbed would be a manifest abuse of discretion. See *Kite v. Jones,* 389 Pa. 339, 350, 132 A. 2d 683, 689 (1957); *Jackson v. Yellow Cab Co.,* 360 Pa. 635, 63 A. 2d 54 (1949).

The grant of a new trial is an effective instrumentality for seeking and achieving justice in those instances where the original trial, because of taint, unfairness or error, produces something other than a just and fair result, which, after all, is the primary goal of all legal proceedings. However, if, after a fair trial free of error or prejudice, a result appears which, if permitted to remain, is unjust, justice and reason dictate that if timely and orderly correction may be made without subjecting the litigants to the hazards and burdens of retrial, that course should be adopted. In such instances, appropriate means and devices other than new trial, if available, should be utilized. One

ligaments, muscles, nerves and tissues in and surrounding the spinal column. He suffered a whiplash injury in the cervical area. He suffered from shock and an injury to his central and sympathetic nervous systems. He suffered a concussion and post concussional syndrome." Paragraph 8 of the complaint in this action reads: "That, as a result of the collision aforesaid, the plaintiff was seriously injured; he suffered from shock; a whiplash injury; injuries to the muscles, ligaments, nerves, bones and tissues of the back; he suffered an aggravation of a pre-existing arthritic condition; and said injuries are permanent in nature."

such remedy is provided in the Act of 1891, May 20, P. L. 101, §2, 12 P.S. §1164. Under that statute (and the earlier Acts of 1722 and 1836), this Court has the power "to affirm, reverse, amend or modify a judgment, order or decree appealed from, and to enter such judgment, order or decree . . . as . . . deem[ed] proper and just . . . ." In many cases we have reduced judgments to the amounts which should properly have been awarded in the courts below. See, e.g., *Kite v. Jones,* supra (reduction from $40,000 to $30,000); *Jackson v. Yellow Cab Co.,* supra (reduction from $10,000 to $7,000); *Brown v. Paxton,* 332 Pa. 260, 2 A. 2d 729 (1938) (reduction from $6,500 to $3,500).

Most recently, in *Purcell v. Westinghouse Broadcasting Co.,* 411 Pa. 167, 188, 191 A. 2d 662, 673 (1963), "under the powers of review invested in this Court by the Act of May 20, 1891, P. L. 101, 12 PS §1164," this Court reduced the amount of punitive damages awarded by the jury from $40,000 to $30,000;[6] and in *Richette v. Pennsylvania Railroad,* 410 Pa. 6, 187 A. 2d 910 (1963), we reduced a verdict for punitive damages from $15,000 to $5,000, sustained the verdict for compensatory damages in the amount of $10,000, reversed orders granting judgment n.o.v. and new trial, and reinstated the verdict reduced to the total sum of $15,000.

In *Meholiff v. River Transit Co.,* 342 Pa. 394, 20 A. 2d 762 (1941), the trial court requested and obtained from plaintiff a remittitur which reduced the verdict from $10,351.72 to $7,250. At the time of defendant's appeal from denial of its motion for new trial, this Court further reduced the recovery to $5,000 and entered judgment in that amount. What was said in the *Meholiff* case at 400, 20 A. 2d at 764, is equally appropriate and relevant here: "While the rule is well estab-

---

[6] Mr. Chief Justice BELL and Mr. Justice BENJAMIN R. JONES would have modified the judgment and would have further reduced it so as to exclude punitive damages.

lished that this Court has the power to modify a judgment and to enter such order as we may deem proper (Tauber v. Wilkinsburg, 309 Pa. 331, 336, 163 A. 675), 'we are loathe to exercise this power and prefer under ordinary conditions that a just verdict shall be rendered on another trial': Milyak v. P. R. T. Co., 300 Pa. 457, 464, 150 A. 622. Here, however, the plaintiff's case was presented to the jury in a charge that was eminently fair to plaintiff and without reversible error and the discrepancy between the damages as proved and the judgment is so great that we feel compelled to reduce the judgment."

We reject appellant's contention that the verdict of $30,000 should remain undisturbed. Likewise, we reject appellees' contention that the verdict should be further reduced to a figure ($9,200) below that determined by the lower court. We do, however, conclude that, on this record, justice dictates that the judgment be reduced rather than that a new trial be awarded. We share the opinion of the court below that the verdict should be reduced to $13,000.

The order granting a new trial is vacated and the court below is directed to enter judgment for the plaintiff as of the date of the verdict in the amount of $13,-000.

Mr. Justice COHEN concurs in the result.

---

DISSENTING OPINION BY MR. JUSTICE BENJAMIN R. JONES:

Although I am fully aware that this Court, on several occasions, has, on appeals from judgments entered in trespass actions, reduced the amount of such judgments[1] and that such action may be *practically* sound,

---

[1] *Kite v. Jones*, 389 Pa. 339, 350, 132 A. 2d 683; *Jackson v. Yellow Cab Co.*, 360 Pa. 635, 63 A. 2d 54; *Meholiff v. River Transit Co.*, 342 Pa. 394, 20 A. 2d 762; *Brown v. Paxton*, 332 Pa. 260, 2 A. 2d 729; *Tauber v. Wilkinsburg*, 309 Pa. 331, 163 Atl. 675; *Milyak v. P. R. T.*, 300 Pa. 457, 150 Atl. 622 (obiter dicta).

I have great doubt that this Court has the power to reduce the verdict in the case at bar.

In the case at bar, the court below directed either that a remittitur in the amount of the verdict be accepted by plaintiff or a new trial would be granted. Upon refusal to accept the remittitur, the court below granted a new trial and, on appeal from that order, the majority of the Court now vacates the order granting a new trial and reduces the amount of the verdict from $30,000 to $13,000. My research reveals no authority for such action by this Court and, on the contrary, I am of the opinion that such action is constitutionally inhibited. See: *Smith v. Times Publishing Co.*, 178 Pa. 481, 36 Atl. 296; *Kennon v. Gilmer*, 131 U.S. 22, 9 S. Ct. 696, 33 L. Ed. 110.