## Dornon, Appellant, *v.* McCarthy.

Argued September 30, 1965. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Martin E. Geary*, with him *Frank C. Carroll*, for appellant.

*Samuel L. Rodgers*, with him *Rodgers and Roney*, for appellees.

OPINION PER CURIAM, January 4, 1966:
Order affirmed.

———

DISSENTING OPINION BY MR. JUSTICE COHEN:
In the first *Dornon v. McCarthy* case, 412 Pa. 595, 195 A. 2d 520 (1963), the plaintiff recovered a $30,000 jury verdict. Defendant moved for a new trial alleging that the verdict was excessive. The lower court agreed and ordered a new trial unless the plaintiff filed a remittitur consenting to a reduction of the verdict to $13,000. Plaintiff refused to file the remittitur and a new trial was granted. Plaintiff then appealed the order granting a new trial. This Court vacated the order

628

granting a new trial but instead of entering judgment on the verdict reduced the plaintiff's recovery to $13,000 under this Court's "statutory authority to amend or modify."

Justice JONES dissented on the ground that the jury trial provision of the State Constitution prohibited the reduction of the verdict without granting the plaintiff the alternative of a new trial and cited *Smith v. Times Publishing Co.*, 178 Pa. 481, 36 Atl. 296 (1897), as conclusive authority that we do not have the constitutional right to deny the plaintiff a trial by jury and that this Court's power to amend or modify verdicts granted by the Act of 1891, P. L. 101, §2, 12 P.S. §1164, simply extends to our Court the powers which trial judges possess, which powers do not include reduction of verdicts without granting plaintiff a new trial alternative.

While I did not join Justice JONES in his dissent but concurred with the majority only in the result, I am now convinced we were in error. The impropriety of our action in 412 Pa. 595 is most convincingly demonstrated in 113 U. Pa. L. Rev. 137 (1964).

The problem with which we are now confronted involves the question of whether the plaintiff-appellant (Dornon) should be required to pay the costs of printing his own paper books in the prior appeal to this Court. The trial court refused to assess those costs against the defendant. A unanimous Superior Court affirmed and we allowed this appeal. The plaintiff came to this Court in 412 Pa. 595 appealing from the lower court's grant of a new trial. This Court vacated the order granting a new trial and entered judgment in favor of the plaintiff in the amount of $13,000. This Court's action in vacating the grant of a new trial is tantamount to an order reversing the grant of a new trial and establishes the plaintiff as the victor, thus entitled to his costs.

· I am troubled by the injustice[1] of our first decision in this litigation which the majority now compounds by denying the plaintiff his costs.

I dissent.

Mr. Justice JONES and Mr. Justice O'BRIEN join in this dissent.

---

[1] See *Kennon v. Gilmer*, 131 U.S. 22, 33 L. Ed. 110 (1889).