## Keller v. LaBarre

*Robert Freedberg*, for plaintiff.

*Edward Feege*, for defendant Rodney Earl LaBarre.

GRIFO, J., October 30, 1972.—This case is before the court on plaintiffs' petition and prayer for a rule

to show cause why reargument should not be granted in the above captioned matter.

The case arose out of an automobile accident in which minor-plaintiff was injured as a result of the alleged negligence of defendants. Suit was begun by the filing of a praecipe for summons on December 9, 1968, service being made on December 20, 1968. There the matter rested until April 29, 1970, when defendants filed a praecipe for rule on plaintiff to file a complaint. Nothing further occurred until December 2, 1970, when, on its own motion, an order of court, dated November 30, 1970, was filed directing plaintiff to file a complaint, in default of which the prothonotary was directed to enter judgment of non pros. Judgment of non pros was entered on December 31, 1970. On February 16, 1971, pursuant to a petition of plaintiffs and motion and stipulation of counsel for plaintiffs and defendants, the judgment of non pros was removed and the judgment opened. Further, plaintiffs were ordered to file a complaint within 20 days. On March 1, 1971, plaintiffs filed their complaint which was served on March 6, 1971. On March 19, 1971, defendant, LaBarre, filed his preliminary objections, raising, for the first time, the question of lack of personal jurisdiction. On May 22, 1972, by order of this court, defendant's preliminary objections were sustained and the complaint was dismissed. Motion for reargument was then granted and reargument was allowed on the contention of plaintiff that a waiver of objection to service had occurred, which argument had not been previously raised. It is to the merits of this point that the court proceeds.

"The propriety of granting a reargument is a matter resting in the sound discretion of the court which heard the argument": Meholiff v. River Transit Company, 342 Pa. 394, 20 A. 2d 762 (1941).

In his preliminary objections, it was defendant LaBarre's contention that this court lacked personal jurisdiction in that service of neither the summons nor the complaint was made in accordance with Rule 1009(b) of the Pennsylvania Rules of Civil Procedure. Rule 1009(b) provides that:

"(b) When the defendant is an individual, the writ of summons, or the complaint if the action is commenced by complaint, may be served

"(1) by handing a copy to the defendant; or

"(2) by handing a copy

"(i) at the residence of the defendant to an adult member of the family within which he resides; but if no adult member of the family is found, then to an adult person in charge of such residence; or

"(ii) at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides; or

"(iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof."

At the hearing, defendant testified that at the time the summons was served at the residence of his parents, he was in military service stationed at Fort Meade, Md. And when the complaint was served, again at the residence of his parents, he was residing in Allentown, Lehigh County, Pa.

What has been overlooked here is the fact that at the time defendant filed his preliminary objections to the personal jurisdiction of this court, he had already waived his right to so object. This was a result of his filing the praecipe for a rule on plaintiff to file complaint, which was done on April 29, 1970. It is now defendant LaBarre's contention, citing Monaco v. Montgomery Cab Company, 417 Pa. 135, 208 A. 2d 252

(1965), that the filing of the rule was not a waiver of any objection to jurisdiction over the person. Quoting from Monaco, defendant points out that "preliminary objections may not be filed until after the complaint is filed. This is true even though certain 'jurisdictional' objections may become apparent immediately after service of a writ of summons and before the complaint is filed . . . Also, the Note of Procedural Rules Committee to Rule 1017 states that '[a] preliminary objection may be filed to a complaint, answer, reply or counter-reply,' without mentioning a summons." What defendant LaBarre has failed to notice is that, effective September 1, 1969, the Note of Procedural Rules Committee to Rule 1017 now reads, "A preliminary objection may be filed to a complaint, *writ,* answer, reply or counter-reply." (Italics supplied.) Further, "the Civil Procedural Rules Committee, by communication dated August 27, 1969, announced that amendment of this Rule effective September 1, 1969, applies to pending actions": Pa. R. C. P. 1017. Therefore, it is apparent that on April 29, 1970, when defendant's praecipe was filed, he was not taking such action so as to object to the jurisdiction over his person, but rather his action was such as to recognize the case as in court. Such action constitutes much more than a general appearance which, under Pa. R. C. P. Rule 1012, would not constitute a waiver of the right to object to jurisdiction. In this case, by his action, defendant has expressly recognized the jurisdiction of the court and waived his right to later object.

Furthermore, by entering into a stipulation for the removal of the non pros, which was entered on the court's own motion following its regular procedure, defendant again recognized the jurisdiction of the court. Once so recognizing that the court has jurisdic-

tion, a defendant cannot later withdraw the recognition by means of preliminary objections.

Wherefore, the court enters the following

## ORDER OF COURT

And now, to wit, October 30, 1972, the rule heretofore granted is made absolute. Reargument having been granted, the prior opinion of court is vacated and defendant's preliminary objections are overruled.