**Davis v. Fidelity National Insurance Co.**

*Carl J. Guagliardo*, for plaintiffs.
*Scott M. Rothman*, for defendants.

MINORA, *J.*, March 28, 2014—Before the court is defendant Fidelity National Insurance Company (hereinafter "defendant")'s motion for post-trial relief seeking reconsideration of this honorable court's August 15, 2013 memorandum and order. For the reasons that follow, defendant's motion is denied and dismissed, and the court's non-jury decision filed August 15, 2013 is affirmed in all respects.

## PROCEDURAL HISTORY

This honorable court's August 15, 2013 memorandum and order entered judgment in favor of plaintiffs and against defendant in the amount of $2,062,746.59 pursuant to our finding of defendant's breach of contract and statutory insurance bad faith. Both parties filed motions for post-trial relief to the August 15, 2013 order. Plaintiff's motion, filed September 12, 2013, was denied and dismissed by this court on September 16, 2013.

Defendant's motion for post-trial relief was filed September 2, 2013. While defendant's motion was pending in the trial court. Defendant filed a notice of appeal of the order on September 12, 2013, the same day that plaintiffs filed their motion for post-trial relief.

On January 17, 2014, the appeal was quashed by the Pennsylvania Superior Court since defendant's post-trial motion remained pending before our court.

Defendant's brief in support of its motion for post-trial relief and plaintiffs' brief in opposition to defendants' motion were both filed December 23, 2013. Argument on defendant's motion was held January 14, 2014.

## DEFENDANTS' LEGAL ARGUMENT

Defendant moves for an order granting a new trial with respect to all issues pursuant to Pa.R.C.P. 2227.1(a)(1), (2), (4), and (5), or in the alternative, for an order entering judgment in defendant's favor, or an order modifying or changing the August 15, 2013 order. Defendant alleges that the court's damages award of $2,062,746.59 is not supported by Pennsylvania law. Specifically, defendant argues that the trial court applied the wrong standard in assessing plaintiffs' claim of defendants' bad faith and erred in awarding lost profits and punitive damages. Defendant's arguments are further described in the legal analysis section of this opinion below.

## LEGAL STANDARD

Post-Trial Motions Regarding Request for a New Trial

The filing and disposition of defendant's post-trial motion is governed by Pa.R.C.P. 227.1 entitled "post-trial relief." The rule indicates at Pa.R.C.P. 227.1(a):

"After trial and upon the written motions for post-trial relief filed by any party, the court may:

(1) Order a new trial as to all or any of the issues; or

(2) Direct the entry of judgment in favor of any party; or

(3) Remove a non-suit; or

(4) Affirm, modify, or change the decision, or

(5) Enter any other appropriate order.

Pa.R.C.P. 227.1(c) states that post-trial motions shall be filed within ten days after...(2) notice of nonsuit or the filing of the decision in the case of a trial without a jury. *See Covalesky v. Covalesky*, 2003-EQ-60069 at 2-3, (Lacka. Co. Jan. 14, 2014).

Regarding post-trial motions, trial courts possess broad discretion to grant or deny a new trial. *Covalesky*, 2003-EQ-60069 at 7; *Harman v. Board*, 562 Pa. 455, 465, 755 A.2d 1116 (2000). The granting or denial of a new trial can be an effective instrumentality for seeking and achieving justice in those instances where the original trial is proven to have failed to produce a just and fair result. *Covalesky*, 2003-EQ-60069 at 7 (citing *Dornan v. McCarthy*, 412 Pa. 595, 195 A.2d 520, 522 (1963); *Harman*, 562 Pa. at 466). Review of a denial of a new trial request requires the same analysis as a review of a grant of new trial. *Covalesky*; *supra* at 13 (citing *Luzerne County Flood Protection Authority*, 825 A.2d at 783-84). If support for a trial court's decision is found in the record, its order must be affirmed. *Randt v. Abex Corp.*, 671 A.2d 228, 448 Pa. 224 (Pa. Super. 1996).

In reviewing post-trial motions seeking a new trial, a

court must begin with an analysis of the alleged underlying conduct or omission by the trial court that forms the basis for the request or motion. This analysis involves a two-step process. First, the court must decide whether one or more mistakes that implicate factual, legal or discretionary matters may have occurred during trial. Second, if the court determines that an error or mistake did occur, it must determine if the alleged mistake or error was so grievous as to provide a sufficient basis for granting a new trial. *See Covalesky, supra* at 8 (citing *Harman*, 562 Pa. at 467; *Bey v. Sacks*, 789 A.2d 232, 236 (Pa. Super. 2001); *Luzerne Co. Flood Protection Authority v. Reilly*, 825 A.2d 779 (Pa. Cmwlth. 2003).

A new trial is not warranted simply because an error may have occurred at trial or because another judge may have ruled differently. *Covalesky*, 2003-EQ-60069 *supra*, at 8. The moving party must prove they suffered some prejudice as a result of the error. *Id.* (citing *Bey*, 789 A.2d at 236). This analysis implicates the harmless error doctrine, which underlies every decision to grant or deny a new trial. *Id.* This is so because the court, being a human institution, cannot ever guarantee a perfect trial. *Id.* What it seeks to do is provide a trial free of reversible error concluding with a fair result. *Id.*

In our review of defendant's motion for post-trial relief, we are guided by the law we followed in *Covalesky*, 2003-EQ-60069 (Jan. 14, 2014) at 9, which states:

In performing the first stage of analysis, the court is guided by two scopes of review. Where a mistake or series of mistakes are alleged to have occurred, which

is our case, the court is to apply a narrow scope of review using the applicable standards for factual, legal, or discretionary matters alleged to be in error.

*Conversely*, if allegations are made that a new trial is appropriate "in the interests of justice" or in the name of justice then a broad scope of review implicating the entire trial record is in order. *Harman*, 562 Pa. at 467-68; *Divilly v. Port Authority of Allegheny County*, 810 A.2d 755 (Pa. Cmwlth. 2000), *appeal denied*, 829 A.2d 1158, 574 Pa. 749.

Using the narrow scope of review, we look to the type of error alleged. If the error alleged is factual, then factual error analysis of a narrow scope must be conducted. *Id.* In our case, the court acted as the finder of fact. A jury, *like any other fact finder*, "...may accept all, none, or part of any expert's testimony..." (emphasis added) (citing *Donoughe v. Lincoln Electric Co.*, 936 A.2d 52 (Pa. Super. 2007)). Even un-contradicted testimony need not be accepted as true or accurate, especially opinion evidence. *Taliaferro v. Darby Twp. Zoning Hearing Bd.*, 873 A.2d 807 (Pa. Cmwlth. 2005).

Therefore, the court's findings of fact must be tested under an abuse of discretion layer of analysis. If the mistake alleged involves a discretionary act, it should be tested for abuse of the exercise of that discretion in order to determine if error has occurred. The standard of review of a trial court's decision post-trial is whether the trial court palpably and clearly abused its discretion or committed an error of law which controlled the

outcome of the case. *Coker v. Flickinger Co.*, 553 Pa. 441, 445, 625 A.2d 1181 (Pa. 1993).... "Abuse of discretion is not a mere error of judgment; one must show that the law was misapplied or overridden, or that the judgment exercised was manifestly unreasonable or the result of bias, prejudice or partiality." *Covalesky, supra* at 13 (citing *Cacurak v. St. Francis Medical Center*, 823 A.2d 159 (Pa. Super. 2003).

*Covalesky v. Covalesky*, 2003-EQ-60069, *supra* at 9, 13.

In *Covalesky*, we also noted "a narrow scope of review is appropriate to apply when specific reasons are raised as the only basis for a new trial." *Id.* at 10. Since specific reasons were the only reasons raised as the basis for a new trial in *Covalesky*, a narrow scope of review was performed. *Id.* Likewise, in the matter before us, defendant Davis has raised specific issues on their respective motion for a new trial. Therefore the narrow scope of review is required in the present case.

## LEGAL ANALYSIS

To assess defendants' claims, we must first examine whether we believe a mistake was made at the trial court. *Covalesky, supra* at 8-9; this opinion at 3-4. If the court concludes a mistake was made, we must analyze whether that error so prejudiced the moving party that it rose beyond harmless error to the point of being reversible error. *Covalesky, supra* at 13 (internal citations omitted).

I. The Trial Court Properly Found That Defendants Breached the Bad Faith Statute, 42 Pa.C.S. § 8371

Defendant first argues that the court's finding that defendants breached the Bad Faith Statute, 42 Pa.C.S. § 8371, is erroneous because plaintiffs did not meet their burden of proving bad faith by the standard of clear and convincing evidence.

We find no error was made in our determination of defendants' bad faith pursuant to 42 Pa.C.S. § 8371. Support for defendants' bad faith by clear and convincing evidence exists in the record in the form of correspondence between plaintiff-insureds and defendant-insurer; correspondence between defendants' claims attorney and claim manager; testimony of witnesses of plaintiff and defendant; and in the form of admissions by defendant-insurer, as noted in our August 15, 2013 opinion at pp. 8-9. *See also* defendant's proposed conclusions of law nos. 3-4.

Accordingly, since the record supports our factual conclusion, the relief requested by defendants with respect to the trial court's finding of defendant's bad faith is denied and dismissed.

II. The Trial Court's Lost Profits Award Was Proper

Defendant next argues the trial court's award of lost profits was erroneous because the lost profits award did not follow from an application of the standard of clear and convincing evidence. Specifically, defendant argues that although the trial court acknowledged this standard, there was no showing that 1. Plaintiffs' damages were proximately caused by defendants' wrong, 2. there was no reasonably certain proof of the damages, and 3. the damages were not foreseeable. *See* defendant's brief in

support of its motion for post-trial relief at pp. 4, 20, and 24. Built into defendant's argument is their claim that plaintiffs did not establish lost profits with reasonable certainty since the projected profit was speculative with respect to increased construction costs and depreciation of the townhomes. *Id.* at pp. 6, 9, and 17.

As we did in our review of our finding of defendant's § 8371 bad faith above, if the court must review whether a mistake was made in its determination of lost profits, and if we conclude there was such mistake, we must analyze whether that error so prejudiced the moving party that it rose beyond harmless error. *See* this opinion at 3-4, citing *Covalesky, supra,* at 8-9, 13; *Harman,* 562 Pa. at 467; *Bey,* 789 A.2d at 236; and *Luzerne Co. Flood Protection Auth.,* 825 A.2d 779. With respect to the court's analysis of lost profits, we find no mistake was made. Our conclusion is supported by discussion of the 3 elements on this page above with respect to plaintiffs' increased construction costs and depreciation damages due to defendant's conduct.

1. There was a Showing that Plaintiffs' Damages Were Proximately Caused by Defendants' Wrong

Defendants allege that the court did not prove by clear and convincing evidence that plaintiffs' damages were proximately caused by defendant's wrong. *See* defendant's brief in support of its motion for post-trial relief at 20. As discussed in our August 15, 2013 opinion, this court, as finder of fact and assessor of credibility, properly found defendant's bad faith, breach of contract, and breach of the covenants of good faith and fair dealing were the cause of

the delay in construction of plaintiffs' twelve townhomes. *See Davis v. Fidelity National Ins. Co.*, memorandum and order, 2010-CV-8868, (Aug. 15, 2013) at pp. 12-18 (hereinafter *"Davis*, 2010-CV-8868"). The trial court properly assessed its award of primary lost profits, based on its review of the record. The court found credible the evidence presented by plaintiff and defendant appraisers and plaintiffs' contractor regarding depreciation of home values and increased construction costs of the homes as a result of the delay in their construction.

Accordingly, since the record supports our factual conclusion, we find no error that plaintiffs' damages were proximately caused by defendant's wrong.

2. Plaintiffs Lost Profit Damages (As Laid Out By the Court With Respect to The Depreciation and Increased Construction Cost Damages, Included in the Court's Determination of Lost Profits) Were Established with Reasonable Certainty

Defendants also argue the trial court's lost profits award flows from a misapplication of the correct legal standard requiring "reasonably certain proof." Defendants allege that the lost profits award was precluded by the trial court's own findings concerning the lack of evidence for any timeframe for development and construction and the unreliability of hypothetical valuations, and specifically in the court's assessment of depreciation damages and increased construction costs. *See* defendant's brief in support of its motion for post-trial relief at pp. 17-18.

As we did above in our review of the August 15, 2013

findings of defendant's bad faith and defendant's wrong causing plaintiff harm, we again note that to whether there was a mistake, a court must begin with an analysis of the alleged underlying conduct or omission by the trial court that forms the basis for the request or motion for new trial. Next, the court must also decide whether there are one or more mistakes that implicate factual, legal, or discretionary matters, that may have occurred during trial. *See* this opinion at 3-4 (citing *Covalesky*, 2003-EQ-60069 at 8-9, 13; *Harman*, 562 Pa. at 467; *Bey*, 789 A.2d at 236; *Luzerne Co. Flood Protection Auth.*, 825 A.2d 779). As set forth below in sections a and b below, we hold that based on the record there was no mistake in our finding of lost profits. We also hold lost profits were established with a reasonable certainty.

a. The Trial Court Properly Determined Depreciation Damages

This court made no mistake in its analysis of depreciation damages. The trial court, as sole assessor of credibility, may believe all part, or none of the evidence presented. *Lou Botti Construction v. Harbulak*, 2000 Pa. Super. 287, 760 A.2d 896, 898 (2000). This court found the evidence offered by plaintiff and defendants' licensed real estate appraisers "to be competent, credible, relevant, and admissible." *See Davis*, 2010-CV-8868, introduction at p. 2, and conclusions of law at p. 21 ¶ 20. The court, in properly exercising its discretion as fact finder, determined a depreciation value of the townhomes was somewhere in between the timelines asserted by plaintiff and defendants' expert real estate appraisers, and allowed for $135,000 for

depreciation, half of what plaintiff's expert appraised for depreciation. *See Davis*, 2010-CV-8868 at p. 21. Where the amount of damages can be fairly estimated from the evidence, the recovery will be sustained even though such amount cannot be determined with complete accuracy. *Kaczkowski v. Bolubasz*, 491 Pa. 561, 567, 421 A.2d 1027 (1980).

Accordingly, since the trial court's determination of depreciation damages are supported in the record in the form of the testimony of plaintiff and defendant's appraisers, depreciation damages were established with a reasonable certainty. As such, we find no mistake made by the trial court in its calculation of depreciation damages.

b. The Trial Court Properly Determined Increased Construction Costs

Likewise, in performing the same review of whether the court made a mistake in its finding of plaintiff's increased construction costs of the townhomes, the trial court made no such mistake. *See Covalesky*, 2003-EQ-60069 at 8-9, 13; *Harman*, 562 Pa. at 467; *Bey*, 789 A.2d at 236; *Luzerne Co. Flood Protection Auth.* 825 A.2d 779. The trial court found plaintiffs' building contractor's testimony and evidence with regard to increased construction costs to be "competent, credible, relevant, and admissible." *See Davis*, 2010-CV-8868, introduction at p. 2 and conclusions of law at p. 21. The court's determination as to increased construction costs is therefore supported by testimony in the record. We find no error in the calculation of increased construction costs.

Accordingly, since the trial court's findings of depreciation and increased construction costs are both supported in the record, the trial court made no mistake in its findings as to lost profits. Lost profits were established with reasonable certainty.

3. The Trial Court Properly Found That Plaintiffs' Lost Profits Were Foreseeable

Finally, in our review of the trial court's determination of lost profits, we must assess whether the court made a mistake in its determination that plaintiffs' lost profits were foreseeable. *See* this opinion at 3-4; *Covalesky*, 2003-EQ-60069 at 8-9. The trial court properly found that plaintiffs' lost profits were foreseeable. This determination is supported by the record. *See Davis*, 2010-CV-8868, findings of fact at pp. 2-8.

This court, using its discretion as fact finder, found credible plaintiffs' evidence at trial that defendant had knowledge that plaintiffs' title insurance policy was for residential development, including the construction of townhomes. The court found defendant had this knowledge both before and at the time the policy was issued.

We also found credible evidence in the record showing that defendants were aware of the delay they had caused in the construction. *See* N.T. Vol. I, p. 33-34 (hereinafter "N.T."); *Davis*, 2010-CV-8868, non-jury trial (Lacka. Co.) (Jan. 29-31, 2013). In addition, the record supports that it was reasonable for defendant to have known or should have known market conditions change from year to year and delay would affect the value of plaintiffs' development.

Defendants' appraiser Mr. Yuter, acknowledged at trial how market conditions can change drastically from year to year. *See* N.T. Vol. III p. 69 line 24-25.

Therefore, we made no mistake in finding plaintiffs' damages for lost profits in the form of increased cost of construction and depreciation were reasonably foreseeable.

As this court properly exercised its discretion as fact finder to determine that 1. Plaintiffs' lost profits were caused by defendant's wrong; 2. the lost profits were established with reasonable certainty; and 3. the lost profits were reasonably foreseeable, as supported by the record, there was no mistake in the court's determination of lost profits. Accordingly, the relief requested by defendants with respect to the trial court's finding of lost profits is denied and dismissed.

III. Whether The Trial Court's Award of Lost Profits Was "In Derogation of the Contractual Liability in the Title Insurance Policy" Is to No Avail

Defendant next argues that the trial court's award of compensatory damages in the form of lost profits was trial court error because a lost profits award is precluded by the title insurance policy. *See* defendant's brief in support of motion for post-trial relief at p. 21. Defendant's argument is without merit. No mistake was made at the trial court. *See Covalesky*, 2003-CV-60069 at 8-9. As noted in our August 15, 2013 opinion at p. 16, in Pennsylvania, consequential damages may be awarded for bad faith. *See Davis* opinion, conclusions of law at p. 15 ¶ 1. As addressed both in the August 15, 2013 opinion at pp. 13-17 and p. 21 and in

this opinion on p. 6, the trial court properly found that defendant engaged in bad faith conduct under 42 Pa.C.S. § 8371(a) and that plaintiffs endured lost profits. Finally, primary lost profits are a proper measure of consequential damages in this case. *Davis*, 2010-CV-8868 at p. 15 ¶ 2 and p. 16 ¶ 3.

In properly determining defendant's bad faith and plaintiffs' lost profits being caused by this bad faith, the trial court's award of lost profits, supported by the record, was appropriate. Defendant's requested relief with respect to a lost profits award "in derogation of the contractual liability in the...policy" is denied and dismissed.

IV. The Trial Court's Punitive Damages Award of $1,572,909.24 Was Proper

Defendant also alleges that the trial court erred in awarding excessive punitive damages because there was no finding of ill-will, fraud, or dishonest purpose by defendant. We hold there was no mistake in the trial court's conclusion of defendant's ill-will and resulting calculation of punitive damages. *See Davis*, 2010-CV-8868 at p. 14 ¶22. The punitive damages award is based on the various factors set forth in detail in our August 15, 2013 opinion, all of which are supported in the record through stipulations, submissions of the parties, exhibits, and testimony. *See Davis*, 2010-CV-8868, at pp. 21-23. In addition the facts of our case follow case law on punitive damage multipliers. *Id.*; *see also* plaintiff's brief in opposition to defendant's motion for post trial relief at pp. 18-19 (and case law within). As the record supports the punitive damages award, no mistake has been made. *See*

*Covalesky, supra* at 8-9. Therefore, the relief requested by defendants with regard to punitive damages is denied and dismissed.

Since the record supports the trial court's decisions as to *all* components raised by defendant in defendant's motion for post-trial relief, the trial court's order must be affirmed. *Randt v. Abex Corp.*, 671 A.2d 228, 448 Pa. 224 (Pa. Super. 1996) (emphasis added).

An appropriate final order and entry of judgment follows.

## FINAL ORDER

And now, this 28th day of March 2014, upon this court's thorough review of the pleadings, the answers thereto, the briefs in support and in opposition, the trial record transcript and arguments of able counsel, it is hereby held:

(1) Defendants' motion for post-trial relief is denied and dismissed;

(2) The non-jury decision by the court filed August 15, 2013 is hereby affirmed in all respects per Pa.R.C.P. 227.1;

(3) The clerk of judicial records is directed to enter judgment in accordance with the non-jury decision and order filed August 15, 2013;

(4) This order, in conjunction with our non-jury decision of August 15, 2013 and with our September 16, 2013 order denying and dismissing plaintiffs' motion for post-trial relief represents a final order for appellate purposes and for Pa.R.C.P. 1925(b) purposes.